[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Commissioner of Public Works ("commissioner"), from a June 27, 2001 final decision of the Freedom of Information Commission ("FOIC"). The plaintiff appeals pursuant to General Statutes §§ 1-206 (d) of the Freedom of Information Act ("FOIA") and 4-183 of the Uniform Administrative Procedure Act ("UAPA"). The complainants at the FOIC, Matthew Preston and Bridgeport Downtown Preservation Task Force ("Bridgeport Preservation"), are also defendants to this appeal.
On January 16, 2002, the FOIC held a hearing on the complaint filed by Preston and Bridgeport Preservation, and subsequently made the following findings of fact relevant to this appeal:
 2. By letter dated November 2, 2000 to the respondent commissioner, the complainant requested copies of "all written and/or electronic communications, and records of communications, by and with the Department of Public Works, which took place after January 1, 2000, and that concern the requirements or design for the proposed courthouse [in Bridgeport] or its site, the acquisition of a site, the timing or financing for the project."
 * * *
4. By letter dated November 16, 2000, the respondent provided the complainants with a copy of an advertisement published by the CT Page 4507 respondent department seeking a site for the new courthouse and informed the complainants that the respondent could not disclose documents related to the real estate negotiations until the purchase agreement was approved.
 * * * 8. It is found that, at the time of the complainants' request, the respondent department and the City of Bridgeport were engaged in contract negotiations for the purchase of a site for a new criminal courthouse building in the City of Bridgeport.
 9. At the hearing on this matter, the respondents argued that negotiations were still in progress and that disclosure of the requested records would jeopardize such negotiations. The respondents argued that the requested records are exempt from disclosure pursuant to §§ 1-210 (b)(1) and (7), G.S., and asked the Commission to take administrative notice of its decisions in [three other FOIC dockets]. The respondents also maintained that, while the complainants were denied access to the requested records by the respondents, they are not precluded from obtaining the requested records from other agencies which may maintain the same records. Finally, the respondents represented that the complainants will be provided with access to the purchase agreement once negotiations have concluded.
 10. The complainants maintain that some records exist pertaining to the proposed courthouse and its construction that are not part of the negotiation process and that the respondents should have provided access to those records.
 * * * 12. It is found that the respondents alleged, in broad conclusory terms, that the requested records are exempt under §§ 1-210 (b) (1) and (7), G.S., and made no attempt to describe even generally the contents of the records.
 * * * 14. It is found, however, that the final decisions [of the FOIC relied upon by the respondent commissioner] do not have any bearing on whether the particular records in this case are permissibly exempt from disclosure pursuant to §§ 1-210 (b)(1) or (7), G.S.
15. It is found that the respondents failed to prove that the requested CT Page 4508 records are exempt from disclosure pursuant to either §§ 1-210 (b) (1) or (7), G.S.
(Return of Record, ("ROR"), Item 13, pp. 83-85.)
Based on these findings, the FOIC concluded that the commissioner had violated FOIA and ordered the commissioner to provide the complainants with access to inspect and with copies of the requested records. (ROR, Item 13, p. 85.) The commissioner has appealed from this final decision and is aggrieved by the order to disclose. State Library v. Freedom ofInformation Commission, 240 Conn. 824, 826 (1997).
The court reviews the issues raised by the commissioner in accordance with the limited scope of judicial review afforded by the UAPA. Dolgnerv. Alander, 237 Conn. 272, 280 (1996). "The scope of permissible review is governed by § 4-183 (j)[1] and is very restricted. . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of the defendant. . . . The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted; internal quotation marks omitted.) Domestic Violence Services of GreaterNew Haven, Inc. v. FOIC, 47 Conn. App. 469-70 (1998). The FOIC finding that the agency has not met its burden of proving an exemption to FOIA is subject to the substantial evidence rule. City of Stamford v. FOIC,42 Conn. App. 39, 40 (1996).
In the present appeal, the commissioner argues that the FOIC erred in concluding that the requested records were not exempt from disclosure under the provisions of FOIA, General Statutes §§ 1-210 (b)(1) and1-210 (b)(7). "[I]t must be noted initially that there is an overarching policy underlying the [FOIA] favoring the disclosure of public records. . . . [I]t is well established that the general rule under the [act] is disclosure, and any exception to that rule will be narrowly construed in light of the general policy of openness expressed in the . . . legislation [comprising the act]. . . . The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exemption. . . . This burden requires the claimant of the exemption to provide more than conclusory language, generalized allegations or mere arguments of counsel. Rather, a sufficiently detailed record must reflect the reasons why an exemption applies to the materials requested. . . ." CT Page 4509 (Citations omitted; internal quotation marks omitted.) Director,Retirement Benefits Services Division v. Freedom of InformationCommission, 256 Conn. 764, 772-73 (2001); Rocque v. Freedom ofInformation Commission, 255 Conn. 651, 660-61 (2001).
Subsection (b) of General Statutes § 1-210 provides: "Nothing in the Freedom of Information Act shall be construed to require disclosure of: (1) Preliminary drafts or notes provided the public agency has determined that the public interest in withholding such documents clearly outweighs the public interest in disclosure." Accordingly, the person claiming an exemption based upon § 1-210 (b)(1) must prove that the requested documents were in fact "preliminary" and that "the public interest in withholding such documents clearly outweighs the public interest in disclosure. . . ." Shew v. Freedom of InformationCommission, 245 Conn. 149, 167 (1998). The FOIC found that the commissioner did not meet his burden. (ROR, Item 13, p. 85, ¶ 15.)
The administrative record supports the determination of the FOIC. The only document identified at the hearing was a contract between city of Bridgeport and the State. A representative of the city Bridgeport testified that there had been four drafts and the last draft was before the city council. (ROR, Item 8, p. 38.) No further evidence was introduced concerning the status of the other drafts. No reference was made at the hearing to the existence of any other documents or whether the exemption was applicable to them. The issue of public interest in withholding such documents was not addressed at the hearing.
At oral argument before this court, the commissioner relied on the FOIC's decision in Cohen v. Corporation Counsel, FIC #98-204, where draft development agreements were held exempt. The agreements in Cohen, however, involved drafts that were subject to revision prior to submission to or discussion among the board charged with the authority to approve the agreement. Here, the "last draft" had been submitted to the city council for its action. This was legally enough to end any claim that the document was preliminary. Wilson v. Freedom of InformationCommission, 181 Conn. 324, 332-33 (1980); Shew v. Freedom of InformationCommission, supra, 245 Conn. 165.
The commissioner next argues that the requested records were exempt from disclosure pursuant to § 1-210 (b)(7), which provides: "(b) Nothing in the Freedom of Information Act shall be construed to require disclosure of: . . . (7) The contents of real estate appraisals, engineering or feasibility estimates and evaluations made for or by an agency relative to the acquisition of property or to prospective public supply and construction contracts, until such time as all of the property has been acquired or all proceedings or transactions have been terminated CT Page 4510 or abandoned. . . ." The commissioner, however, did not introduce any evidence to support this claimed exemption. There was no evidence in the record by which the FOIC could have determined if any document fell within this exemption. The statutory language on what is exempted is specific — "real estate appraisals, engineering or feasibility estimates and evaluations." The exemption depends on the factual situation. See Department of Public Utilities. Norwich v. FOIC, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 573178 (June 5, 1998, McWeeny, J.) (22 Conn.L.Rptr. 192), aff'd,55 Conn. App. 527 (1999).
In this case, the commissioner also argues that the FOIC did not address § 4b-27 in its decision.[2] In the case of Preston v.Judicial Branch, FIC #01-029, the FOIC found that the Judicial Branch was correct in not disclosing documents similar to those requested in this case because of the applicability of § 4b-27. Again, the commissioner's argument must fail because he made no effort to show the applicability of § 4b-27 to the facts of this case. For example, without describing the documents there was no way for the hearing officer to know if the requested documents related to "real estate needs" or bore any connection to real estate.
The statute, furthermore, prohibits the "requesting agency" or "anyone with knowledge of such needs" from disclosing real estate needs without the written authorization of the commissioner as filed with the properties review board. The FOIC could have concluded, relying upon § 4b-27, that it would be illegal for the Judicial Branch to disclose the requested documents in FIC #01-029, while concluding that the statute does not specifically apply a refusal by the commissioner to disclose "real estate needs." (See ROR, Item 12, pp. 74-75.) The literal meaning of a statute should ordinarily govern. State v. State Employees ReviewBoard, 239 Conn. 638, 654 (1997).
During the context of a stay motion after the administrative appeal was filed, the commissioner, through the assistant attorney general, acted in good faith by disclosing at least four sets of documents in his file and the file of the attorney general.[3] It appears that the commissioner has released all the requested documents, except the latest draft of the purchase and sale agreement with Bridgeport.[4] This effort to resolve this case is to be commended; however, such actions do not mean that the FOIC erred in its final decision.
For the reasons set forth above, the FOIC did not act unreasonably, arbitrarily, illegally or in abuse of its discretion. Therefore, the plaintiffs appeal is dismissed. CT Page 4511
 ___________________ Henry S. Cohn, Judge