WILSON, Judge.
This is an appeal by the plaintiff, Kevin Gruntz, from a final decision of the Office of the Director of Regulation, the Director of Regulation, revoking the plaintiffs gaming license. The plaintiff claims aggrievement in that he wasn’t given enough time to deal with the California warrant and the charges for the Connecticut arrest have been cleared. The appeal is taken pursuant to Mohegan Tribal Ordinance (MTO) 95-6.
I. JURISDICTION
MTO 95-6 contains several provisions relevant to this appeal. Sec. 1(a) provides that the Agency includes the Office of the Director of Regulation as set forth in MTO 95-2; (b) provides that the final decision includes a final decision of the director regarding revocation of gaming licenses. Sec. 2(a) provides that “a person who is aggrieved by the final decision may appeal to the Gaming Disputes Court as provided in this ordinance.” MTO 95-2, Sec. 13, likewise provides for an appeal to this court from the final decisions of the director regarding revocation of gaming licenses. The court therefore finds that it has jurisdiction to hear this appeal.
II. FACTUAL UACKUROUNI)
The plaintiff was hired as a dealer by the Mohegan Sun Casino, a gaming operation operated under the Mohegan Tribal Gaming Authority established by the Mohegan Tribal Council pursuant to the Mohegan Constitution. MTO 95-2 and MTO 94-1. The requirements of the Tribal State Compact Between the Mohegan Tribe and the State of Connecticut (“COMPACT”), Sec. 5(a), required that the plaintiff hold a valid, current gaming employee license. The plaintiff never did commence work as a dealer, although a license (apparently a temporary license) was issued.
During the course of a background investigation the defendant director determined that the plaintiff had been arrested on or about September 13, 2001 for breach of the peace second degree as a result of an incident which occurred in a bar in Jewett City, Connecticut. The defendant also learned that there was a warrant outstanding for the plaintiffs re-arrest in California.
The defendant revoked the license of the plaintiff and the plaintiff appealed to the director. At the time of the appeal hearing the charge in Connecticut was still pending. The plaintiff, based on the pen-dency of the charge of breach of the peace, and apparently invoking his fifth-amendment right to remain silent, declined to discuss the specifics of the charges.
The plaintiff admitted that there was an outstanding warrant for his arrest in California. He apparently had been stopped for a traffic violation, underwent testing for driving under the influence, apparently refused to sign a consent form for a test, and was therefore arrested. In court the plaintiff pleaded no contest and was fined. He did not pay the fine and a re-arrest warrant was issued. The rearrest warrant remains pending and unresolved. There is apparently a requirement for a $30,000 bond to be posted by the plaintiff. The plaintiff stated that he cannot afford to go back to California because he does not have a job and that he has not resolved the outstanding warrant in California.
Following the date of the hearing before the director on Ms appeal from the revocation of his license, the plaintiff appeared in the Superior Court, G.A. 21, in Norwich, Connecticut, on February 6, .2002, at which *511 time the state of Connecticut entered a nolle on the breach of the peace charges. As of the date of the hearing on this appeal the warrant in California remains outstanding and unresolved.
The defendant’s findings in this case found that because of the plaintiffs reluctance to explain the basis for his September 13, 2001 arrest, and the fact that he has an outstanding warrant in California, he was unsuitable to retain his license. With respect to the California warrant, the director found that a prudent and responsible person would have resolved this issue since it has an impact on his suitability, and that the lack of any action to address the resolution of this outstanding warrant displays unsuitability for licensure.
The order issued by the defendant was that the plaintiffs “license is revoked and he is ineligible for employment at Mohegan Sun.” This appeal followed.
III. LEGAL STANDARD OF REVIEW
An appeal to this court from a revocation of a license is governed inter alia by MTO 95-6. In accordance with Sec. 2(g) a transcript of the hearing held by the director was made a part of the record of this case, as were other documents in the record, including the agency’s findings of fact and conclusions of law. Pursuant to subsection (k) additional evidence was taken by the court. Oral arguments and written briefs were received.
Under subsection (i) the appeal is confined to the record as thus established. Under subsection
(j) The court shall not constitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section a remand is a final judgment,
The standard set forth in Sec. 2(j) of MTO 95-6 is substantially the same as that set forth in the Connecticut Administrative Procedures Act, CONN.GEN. STAT. Sec. 4-183(j); therefore, Connecticut cases interpreting Sec. 4-183 are instructive. Under this standard, in an administrative appeal from the revocation of a license, the plaintiff bears the burden of proving that the director’s decision to revoke a license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, cf. Bialowas v. Commissioner of Motor Vehicles, 44 Conn.App. 702, 708-709, 692 A.2d 834 (1997).
Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the: agency’s findings of basic fact and whether the conclusions drawn from those facts are reason able-Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The evidence must be substantial enough to justify, if *512 the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding ... the decision must be upheld. Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. at 709, 692 A.2d 834 (internal quotation marks and citations omitted).
MTO 95-1, An Ordinance Establishing the Mohegan Tribal Gaming Authority (MTGA), grants the MTGA the power over licensing and vests in the director the duty of “issuing and revoking licenses and generally overseeing the integrity of the gaming operation.” Sec. 5(b)(10). Sec. 12(5) provides that the director “shall carry out the tribe’s regulatory duties as described in ‘MTO 94-1 and vests in the Director final authority over all license applications.’ ”
MTO 94-1, the Mohegan Tribal Gaming Ordinance, incorporates the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. Secs. 2701 et seq., and sets forth in Sec. 9 qualifications for gaming licenses. One of the purposes is to protect against “threats to the public interest, or the interest of the Tribe or to the effective regulation and control of gaming.” See 25 U.S.C.. Sec. 2710(b)(2)(F)(ii)(II).
These ordinances comply with the requirement of Sec. 7(a) of the COMPACT to “adopt standards of operation and management to ... protect the public interest in the integrity of the gaming operations .... ” (emphasis added). Such a standard is likewise required by 25 U.S.C. Sec. 2710(b)(2)(F)(ii)(II),
IV. REVIEW OF THE DEFENDANT'S ORDER
The defendant’s order was based on two factors: (A) the plaintiffs reluctance to explain the breach of the peace arrest; and (B) the outstanding California warrant.
A. The Cmnecticut airest. At the time of the hearing before the director, the breach of the peace case was pending in the Connecticut Superior Court. This court finds that the plaintiff was justified in refusing to discuss the facts of that case based on his privilege against self-incrimination. Furthermore, the breach of the peace case was nolled on February 6, 2002.
B. The outstanding California arrest warrant. Neither at the hearing before the director nor at the hearing on this appeal did the plaintiff offer any valid, reasonable reason for not paying the fine in California or otherwise resolving the outstanding warrant in California. The plaintiff did not offer any evidence that would indicate an intention to resolve this matter.
Based on the standard of review set forth above, there clearly is substantial evidence in the record to support the finding that the plaintiff failed to resolve the outstanding California warrant, has failed to offer any explanation as to how he does intend to resolve it, or indeed whether he intends to resolve it at all. This court cannot substitute its judgment for that of the defendant as to the weight of the evidence on questions of fact. MTO 95-6, Sec. 2(j).
Nor is this court permitted to substitute its discretion for that of the defendant. The director may well have concluded that the failure to resolve the California warrant indicates a lack of suitability for licen-sure.
The defendant has concluded that revocation of the license was warranted to preserve the integrity of the gaming enterprise This was within the discretion of *513 the defendant who has the duty of issuing and revoking licenses and overseeing the integrity of the gaming operation. He has final authority over all license applications. Based on the record this court cannot hold that this was an abuse of discretion or a clearly unwarranted exercise of discretion. Department of Public Safety v. Freedom of Information Commission, 51 Conn.App. 100, 104, 720 A.2d 268 (1998).
Therefore, the appeal is dismissed without costs.