MEMORANDUM OF DECISION
WILSON, Judge.
I.
This is an appeal from the denial of a State Gaming Commission License, The Plaintiff applied for a position as a dealer at the Mohegan Sun Casino, a facility operated by the Mohegan Tribal Gaming Authority. The position requires a licensed from the Defendant, Office of the Director of Regulation. The defendant denied the license on the basis of the Plaintiffs “failure to truthfully answer questions in the hearing [held by the defendant on the subject of his license denial] and the recent convictions for drug related crimes.” “Mr. Brown’s recent criminal problems have not allowed him enough time to show that he has successfully rehabilitated himself. He completed probation for his last conviction on or about July 19, 2002.”
After this appeal was filed, the record was filed, the issues were briefed, and the parties were heard at a full hearing. After consideration of the entire record and hearing the parties, the court dismisses the Plaintiffs appeal.
II
The record in the case discloses that the Plaintiff was convicted on April 13, 1998 for possession of drugs resulting in a $100.00 fine. On July 19, 1999, the Plaintiff was convicted of sale of a hallucinogen substituted for possession of narcotics. The Plaintiff was sentenced to ten years imprisonment, suspended, three years probation. He successfully completed probation.
The Plaintiff does not deny the foregoing. With respect to the latter conviction, he attempted to excuse his involvement by explaining that the arrest occurred at this mother’s home. His mother, according to the Plaintiff, was renting a room to a third individual. This person left, the police arrived, and drugs were found in the home. The Plaintiff testified that the police were going to arrest his mother “but instead I told them to take me and I’ll take full responsibility.”
The police arrested him and his conviction and sentencing followed.
Ill
The standard review in this appeal is well established: “The court shall not substitute its judgment for that of the agency [ODR] as to the weight of the evidence on questions of fact.” MTO 2002-13, Sec. 3(j)- The court shall affirm the decision of the Defendant unless the court finds that the Defendant, inter alia, abused its discretion. Ibid. On this record, the court cannot make such a finding. The Plaintiff was convicted twice of drug related offenses, the second resulting in a ten-year (albeit suspended) prison sentence. The Defendant determined that this rendered the Plaintiff unsuitable to be licensed, at this time. Further the Defendant determined that the Plaintiffs explanation of the circumstances surrounding the latter arrest was not credible, further rendering the Plaintiff unsuitable for licensing. The court cannot substitute its judgment for that of the Defendant, and cannot hold that the Defendant abused its discretion. This standard is more fully elaborated in Kochachy v. O.D.R. 1 G.D.R. 115, 4 Am. Tribal Law 522, 2003 WL 25795195 (2003) and Gruntz v. O.D.R., 1 G.D.R. 105, 4 Am. Tribal Law 509, 2002 WL 34461815 (2002)., to which reference may be had.
The Plaintiffs appeal is dismissed.