ARTHUR J. ROCQUE, JR., COMMISSIONER OF
ENVIRONMENTAL PROTECTION, ET AL. *v.*
FREEDOM OF INFORMATION
COMMISSION ET AL.
(SC 16279)
(SC 16280)

Borden, Palmer, Sullivan, Vertefeuille and Rogers, Js.*

---

* The listing of justices reflects their seniority on this court as of the date of argument.

Argued September 28, 2000—officially released April 10, 2001

*Clifton A. Leonhardt,* chief counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant in Docket No. SC 16279 (named defendant).

*Ralph G. Elliot,* for the appellant in Docket No. SC 16280 (defendant The Hartford Courant Company).

*Robert B. Teitelman,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellees (plaintiffs).

*Mark F. Kohler*, assistant attorney general, *Maureen M. Murphy* and *Ruth L. Pulda* filed a brief for the Permanent Commission on the Status of Women et al. as amici curiae.

*Opinion*

VERTEFEUILLE, J. The principal issue in these combined appeals is whether the identity of a sexual harassment complainant and certain other information relating to the investigation of a sexual harassment complaint are exempt from public disclosure as an invasion of personal privacy under General Statutes § 1-210 (b) (2) of the Freedom of Information Act (act).[1] The named defendant, the freedom of information commission (commission), ordered the plaintiffs, Arthur J. Rocque, Jr., commissioner of environmental protection, and the department of environmental protection,[2] to provide the defendant The Hartford Courant Company (Courant) with copies of certain records it had sought, redacting only social security numbers and those portions of the documents that fell within the attorney-client privilege. The department then appealed to the Superior Court, which reversed the decision of the commission and held that the disclosure of the information sought from the department's personnel files would constitute an invasion of personal privacy. The commission and the Courant filed separate appeals from the judgment of the trial court to the Appellate Court, and

---

[1] General Statutes § 1-210 (b), formerly § 1-19 (b), provides in relevant part: "Nothing in the Freedom of Information Act shall be construed to require disclosure of . . .

"(2) Personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ."

Section 1-210 was formerly codified at § 1-19 until 1999, at which time the provision was transferred. Since that time, while there have been various amendments to 1-210, subsection (b) (2) has remained unchanged. For purposes of clarity and convenience, references herein are to the current revision of § 1-210 (b) (2).

[2] We refer herein to both plaintiffs as the department.

we transferred the appeals to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c). We agree with the trial court's ruling that the identity of the complainant in the sexual harassment investigation at issue here is exempt from disclosure under the act. We also agree with the trial court that certain other information concerning the investigation is exempt from disclosure, although we limit the exempt portions of the records to those comprising sexually descriptive information. We disagree, however, with the trial court's ruling that the identity of a complainant in a sexual harassment complaint and related information are *always* exempt from disclosure, irrespective of the particular facts of a case, and we therefore reverse the judgment in part.

The material facts in these combined appeals are undisputed. On May 27, 1998, the defendant Daniel Jones, a reporter for the Courant, submitted a written request under the act to the department,[3] seeking access to and/or copies of personnel records pertaining to a sexual harassment investigation of a department manager.[4]

[3] The Courant previously had asked for access to and copies of these personnel records in a letter dated June 10, 1997. Only the request dated May 27, 1998, is the subject of this appeal.

[4] The Courant's May 27, 1998 request to the department's director of communication stated: "This is a request under the state Freedom of Information Act. The Courant, having asked in a June 10, 1997, letter for these documents, again makes a request for access to and/or copies of all documents pertaining to a sexual [harassment] complaint or allegation filed by [the complainant] against [the department manager] or by anyone else against [the department manager]. (The alleged complaint was referred to in a memo prepared by [a former department employee] and a copy of the memo was obtained by the Courant under a previous request [under the act].)

"The documents should include the complaint, and all other documents pertaining to any investigation and/or discussion of the claim by any of the assistant commissioners and/or the commissioner. The documents should include any tape recordings made and/or kept by anyone at the agency in relation to any such investigations.

"The Courant also would like access to and/or copies of all documents pertaining to the hiring of [the complainant], and all documents pertaining to any promotion or promotions [the complainant] received, and all documents

Pursuant to General Statutes § 1-214 (b),[5] the department notified the employees involved, including the complainant and the department manager, of their right to object to the disclosure of the records. Each of the employees involved, including the complainant and the department manager, submitted a timely written objection to the disclosure of the personnel records,[6] as permitted under § 1-214 (c).[7] The department then informed the Courant that

pertaining to any other changes in the status of [the complainant's] employment at the [department]."

[5] General Statutes § 1-214 (b), formerly § 1-20a (b), provides: "Whenever a public agency receives a request to inspect or copy records contained in any of its employees' personnel or medical files and similar files and the agency reasonably believes that the disclosure of such records would legally constitute an invasion of privacy, the agency shall immediately notify in writing (1) each employee concerned, provided such notice shall not be required to be in writing where impractical due to the large number of employees concerned and (2) the collective bargaining representative, if any, of each employee concerned. Nothing herein shall require an agency to withhold from disclosure the contents of personnel or medical files and similar files when it does not reasonably believe that such disclosure would legally constitute an invasion of personal privacy."

[6] Only the disclosure of the complainant's identity and certain other information concerning the complainant are at issue in this appeal. At the commission hearing, the department took no position with respect to information concerning employees other than the complainant. In addition, no other employees who signed written objections to disclosure under § 1-214 (c) appeared before the commission to assert their own privacy concerns, nor did they appeal from the commission's final decision.

[7] General Statutes § 1-214 (c), formerly § 1-20a (c), provides in relevant part: "A public agency which has provided notice under subsection (b) of this section shall disclose the records requested unless it receives a written objection from the employee concerned or the employee's collective bargaining representative, if any, within seven business days from the receipt by the employee or such collective bargaining representative of the notice or, if there is no evidence of receipt of written notice, not later than nine business days from the date the notice is actually mailed, sent, posted or otherwise given. Each objection filed under this subsection shall be on a form prescribed by the public agency, which shall consist of a statement to be signed by the employee or the employee's collective bargaining representative, under the penalties of false statement, that to the best of his knowledge, information and belief there is good ground to support it and that the objection is not interposed for delay. Upon the filing of an objection as provided in this subsection, the agency shall not disclose the requested

certain information was being withheld as exempt from disclosure pursuant to § 1-210 (b) (2).[8] The Courant thereafter filed a complaint against the department with the commission.

After an evidentiary hearing and an in camera inspection of the documents in question, the commission rendered its final decision. The commission ordered the department to provide the Courant with copies of the interview notes and tape recordings of the interviews conducted by the department during the course of its investigation of the complainant's sexual harassment complaint,[9] redacting only social security numbers and those portions of the documents that were protected by attorney-client privilege.

The department then filed a timely appeal to the Superior Court, which sustained the appeal. The trial court found "that the information sought to be exempted from disclosure in this case is not of legitimate concern to the public and that the information is highly offensive to reasonable people. The identity of an alleged victim in a sexual harassment complaint, and other information related to the investigation, are exempt from disclosure under the Freedom of Information laws. The disclosure of such information would constitute an invasion of the personal privacy of the complainant." The commission and the Courant then filed the appeals that are now before this court. They both argue that the trial court improperly concluded

records unless ordered to do so by the Freedom of Information Commission pursuant to section 1-206. . . ."

[8] Although the department did disclose some documents responsive to the Courant's request, the department informed the Courant that certain records, specifically notes and tape recordings of interviews conducted during the investigation, were being withheld.

[9] The documents at issue in this appeal are those that were submitted for in camera review by the commission. These documents, which were filed under seal with the Superior Court and have been reviewed by this court, did not include any tape recordings.

that the identity of the complainant and other information concerning the department's investigation of the sexual harassment complaint are exempt from disclosure under § 1-210 (b) (2). In addition, the Courant[10] argues that the trial court exceeded its proper scope of review under General Statutes § 4-183[11] by holding generally, without regard to the facts of this case, that the "identity of an alleged victim in a sexual harassment complaint, and other information related to the investigation, are exempt from disclosure under the Freedom of Information laws," and that "disclosure of such information would constitute an invasion of the personal privacy of the complainant."

I

The initial issue presented in these appeals is whether the trial court properly determined that disclosure of the identity of the complainant and certain other information related to the investigation of her complaint would constitute an invasion of privacy, and therefore, the information was exempt from disclosure under § 1-210 (b) (2). Before addressing this issue, however, we

---

[10] The commission endorsed the views expressed by the Courant in its brief. We understand from the commission's endorsement that it joins the Courant in its argument that the trial court exceeded the proper scope of review under General Statutes § 4-183.

[11] General Statutes § 4-183 (j) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

briefly set forth the applicable standard of judicial review. "Our resolution of [these appeals] is guided by the limited scope of judicial review afforded by the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; to the determinations made by an administrative agency. [W]e must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. *Ottochian* v. *Freedom of Information Commission*, 221 Conn. 393, 397, 604 A.2d 351 (1992). Even as to questions of law, [t]he court's ultimate duty is only to decide whether, *in light of the evidence*, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . *New Haven* v. *Freedom of Information Commission*, 205 Conn. 767, 774, 535 A.2d 1297 (1988). Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . . *Griffin Hospital* v. *Commission on Hospitals & Health Care*, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986); see also *New Haven* v. *Freedom of Information Commission*, supra, 773–74; *Wilson* v. *Freedom of Information Commission*, 181 Conn. 324, 342–43, 435 A.2d 353 (1980)." (Emphasis in original; internal quotation marks omitted.) *Perkins* v. *Freedom of Information Commission*, 228 Conn. 158, 164–65, 635 A.2d 783 (1993).

"Our review of an agency's factual determination is constrained by . . . § 4-183 (j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions

of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . . This limited standard of review dictates that, [w]ith regard to questions of fact, it is neither the function of the trial court nor of this court to retry the case or to substitute its judgment for that of the administrative agency. . . . *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* 219 Conn. 51, 57, 591 A.2d 1231 (1991); see also *DiBlasi* v. *Zoning Board of Appeals,* 224 Conn. 823, 829–30, 624 A.2d 372 (1993). An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. *Connecticut Resources Recovery Authority* v. *Planning & Zoning Commission,* 225 Conn. 731, 744, 626 A.2d 705 (1993); *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* supra, 57." (Internal quotation marks omitted.) *New England Cable Television Assn., Inc.* v. *Dept. of Public Utility Control,* 247 Conn. 97, 117–18, 717 A.2d 1276 (1998).

Both the commission and the Courant argue that the question in this case is not a pure question of law, but involves an application of the well settled meaning of § 1-210 (b) (2) to the facts of this particular case. The department contends, however, that the present case presents a pure question of law that has not been subject to prior judicial scrutiny and that, therefore, the appropriate standard of review is de novo. We agree with the commission and the Courant that the present case involves applying the well settled meaning of § 1-210 (b) (2) to the facts of this particular case. The appropriate standard of judicial review, therefore, is whether the commission's factual determinations are reasonably

supported by substantial evidence in the record taken as a whole.

With these legal principles in mind, we now turn to the initial issue presented in these appeals, namely, whether the trial court properly determined that disclosure of the identity of the complainant and certain other information would constitute an invasion of the complainant's privacy and, therefore, that the information was exempt from disclosure under § 1-210 (b) (2). The act provides that "[e]xcept as otherwise provided by any federal law or state statute [including the exceptions to the act], all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-212. . . ."[12] General Statutes § 1-210 (a). "[I]t must be noted initially that there is an overarching policy underlying the [act] . . . favoring the disclosure of public records." (Internal quotation marks omitted.) *Superintendent of Police* v. *Freedom of Information Commission*, 222 Conn. 621, 626, 609 A.2d 998 (1992). "[I]t is well established that the general rule under the [act] is disclosure, and any exception to that rule will be narrowly construed in light of the general policy of openness expressed in the . . . legislation [comprising the act]." (Internal quotation marks omitted.) *Ottochian* v. *Freedom of Information Commission*, supra, 221 Conn. 398. "The burden of establishing the applicability of an exemption clearly rests upon the party claiming the exemption." (Internal quotation marks omitted.) *Perkins* v. *Freedom of Information Commission*, supra, 228 Conn. 167. "This burden requires the claimant of the exemption to provide more

[12] General Statutes § 1-212, formerly § 1-15, provides in relevant part: "(a) Any person applying in writing shall receive, promptly upon request, a plain or certified copy of any public record. . . ."

than conclusory language, generalized allegations or mere arguments of counsel. Rather, a sufficiently detailed record must reflect the reasons why an exemption applies to the materials requested." *New Haven* v. *Freedom of Information Commission*, supra, 205 Conn. 776.

Section 1-210 (b) (2) provides that "[n]othing in the Freedom of Information Act shall be construed to require disclosure of . . . [p]ersonnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy . . . ." When a claim for exemption is based upon § 1-210 (b) (2), the person claiming the exemption must meet a twofold burden of proof. First, the person claiming the exemption must establish that the files are personnel, medical or similar files. In this case, there is no dispute that the Courant sought disclosure of personnel or similar files. See *Connecticut Alcohol & Drug Abuse Commission* v. *Freedom of Information Commission*, 233 Conn. 28, 30, 657 A.2d 630 (1995) (investigative file of sexual harassment complaint by one employee of state agency against coworker constituted personnel or similar file). Second, the person claiming the exemption under § 1-210 (b) (2) must also prove that disclosure of the files would constitute an invasion of personal privacy. *Perkins* v. *Freedom of Information Commission*, supra, 228 Conn. 169; *Superintendent of Police* v. *Freedom of Information Commission*, supra, 222 Conn. 626.

The test for determining whether a disclosure constitutes an invasion of personal privacy under § 1-210 (b) (2) was enunciated in *Perkins* v. *Freedom of Information Commission*, supra, 228 Conn. 175. In *Perkins*, this court adopted as the appropriate test for invasion of personal privacy under § 1-210 (b) (2) the definition of a tort action for the invasion of personal privacy, delineated in § 652D of the Restatement (Second) of Torts (1977). *Perkins* v. *Freedom of Information Com-*

*mission*, supra, 172–75. We held that "the invasion of personal privacy exception of [§ 1-210 (b) (2)] precludes disclosure . . . only when the information sought by a request does not pertain to legitimate matters of public concern and is highly offensive to a reasonable person." Id., 175; see also *Dept. of Public Safety* v. *Freedom of Information Commission*, 242 Conn. 79, 84–85, 698 A.2d 803 (1997). *Perkins* explicitly rejected a balancing test and ruled that the information sought must satisfy both parts of the test to be exempt from disclosure. *Dept. of Public Safety* v. *Freedom of Information Commission*, supra, 85.

The records at issue in this case comprised a written complaint of sexual harassment made by an employee of the department against a department manager, the complainant's detailed statement to the investigating officer, and notes from interviews of many coworkers taken during the course of the department's investigation of that complaint. The investigation resulted in a finding that no sexual harassment took place, but that the manager "exercised poor judgment . . . ." The department claimed that the entire complaint, the entire statement of the complainant and portions of the interview notes were exempt from disclosure. The department provided copies of the records under seal to both the commission and the trial court. In addition, the department filed an index to the sealed records, which specified the exact portions of the interview notes that the department claimed were exempt.

After an in camera review of the documents submitted by the department, the trial court determined that these documents, which contain information about relationships between different parties, allegations of sexual improprieties, and the observations of those investigating, were not of legitimate concern to the public. The trial court further found that the information, if disclosed, would be highly offensive to a reasonable

person. In so doing, the trial court implicitly overruled the commission's factual findings.[13] In its final decision, the commission had found that "the notes from the interviews, which reflect the manner in which much of the investigation was conducted and the evidence on which the recommended action was based, pertain to legitimate matters of public concern." The commission further found that "the notes of the interviews do not contain information that could reasonably be considered highly offensive to a reasonable person." The commission failed to support these conclusory factual findings, however, by reference to any supporting evidence.

*Perkins* requires that the person claiming the exemption under § 1-210 (b) (2) first prove that the material that is claimed to be exempt from disclosure is not of legitimate public concern. *Perkins* v. *Freedom of Information Commission*, supra, 228 Conn. 175. The defendants argue that the identity of the complainant and other portions of the documents in question are of legitimate concern to the public because the public has a right to know how state agencies generally go about investigating allegations of sexual harassment within the workplace. They also contend that the identity of the complainant is a matter of legitimate public concern because disclosure of the complainant's identity may facilitate an evaluation of the department's investigation into this particular sexual harassment complaint. The defendants' final claim is that the complainant's identity may be helpful if the complainant is willing to discuss the matter with those who want to evaluate the investigation. The department argues in response that

[13] We acknowledge that the trial court reversed the commission's factual findings under *Perkins* without an explicit statement of its reasons for doing so, however, a detailed review of the entire record before the trial court indicates that the commission's factual findings were not reasonably supported by the substantial evidence in the record as a whole.

the portions of the documents in question are not of legitimate concern to the public because they contain information about the personal and marital relationships of the complainant.

For purposes of analysis under the requirements of *Perkins*, we separate the information that the department claims is exempt into two categories. The first category consists of the complainant's identity and related personal information from which the complainant could be identified, for example, the complainant's home address. The second category comprises the balance of the information claimed to be exempt, including: information such as the date when and location where the sexual harassment allegedly occurred; a letter to the complainant from the assistant commissioner who investigated the complaint, seeking the complainant's cooperation; certain questions posed to witnesses as part of the department's investigation; and portions of certain answers to those questions. Some of the information in this second category is sexually explicit, for example, the allegations and descriptions of sexual contact and sexual improprieties, and details of intimate personal relationships.

We are not persuaded that the first category of information, principally the complainant's identity, is of legitimate public concern. The name of the complainant is not necessary to the public's understanding or evaluation of the department's sexual harassment investigation. The complainant's name would add nothing to an examination or evaluation of the department's investigative process, which is clearly revealed by these records without the disclosure of the complainant's identity. In addition, we find no merit to the defendants' claim that the disclosure of the identity is warranted because such disclosure would be helpful in determining whether the complainant is willing to discuss the investigation with someone evaluating the process. The

records at issue reveal that the complainant was fearful of retaliation, consistently requested that the matter be kept as confidential as possible, and objected to the disclosure of the records of the investigation. We think it unlikely, therefore, that the complainant would be willing to discuss the matter with those who might want to evaluate the investigation. We agree with the trial court that the complainant's identity and related identifying information are not legitimate matters of public concern.

We turn next to the second category of information that the department claims is exempt to determine whether any of this information is of legitimate public concern. We conclude that much of this information *is* of legitimate public concern in that it reveals, for example, the department's efforts to secure the complainant's cooperation, the department's procedure in questioning witnesses and the complainant's concern for job-related consequences from the alleged sexual harassment. After reviewing all of the department's exemption claims, we conclude that the only portions of the records that are not a matter of legitimate public concern are those portions containing sexually explicit or descriptive information, such as allegations of sexual contact and sexual improprieties, and details of intimate personal relationships. In *Dept. of Public Safety* v. *Freedom of Information Commission,* supra, 242 Conn. 89–90, we affirmed the trial court's finding that the public had no legitimate interest in disclosure of a report describing details of a state trooper's personal and marital relationships. The investigative report in that case resulted from a citizen's complaint that the trooper was involved in an inappropriate relationship with the complainant's wife. We conclude similarly here, that sexually explicit information contained in the records at issue pertaining to the complainant's intimate

relationships is not a matter of legitimate public concern.[14]

In order to establish an exemption under § 1-210 (b) (2), the party claiming the exemption must demonstrate also that the disclosure of the documents in question would be highly offensive to a reasonable person. *Perkins* v. *Freedom of Information Commission*, supra, 228 Conn. 175. The defendants assert that on the facts of this case, the disclosure of the identity of the complainant and the other information claimed to be exempt would not be highly offensive to a reasonable person because they do not reveal facts about the complainant's private life, but involve incidents that demonstrate how a public employee acted during the hours of employment.[15] The department contends, however, that disclosure of the specific information contained within these documents would be highly offensive to a reasonable person because it pertains to the private life of the sexual harassment complainant and documents the complainant's private relationships. We agree with the department.

The subject matter of the records in question is a sexual harassment complaint by an employee against a supervisor. As this court indicated in *Perkins*, "[s]exual relations . . . are normally entirely private matters . . . ." Id., 173. The trial court found that disclosing the identity of the sexual harassment complainant would be highly offensive to a reasonable person because of the

---

[14] There is some additional information contained in these records that might be found to be exempt under the personal privacy exemption as we construe it. The department, however, did not make any claim of exemption regarding such information. Because the burden of establishing an exemption is on the department, we do not consider whether that additional information may be subject to an exemption from disclosure.

[15] We acknowledge that the Courant has never had the opportunity to examine the records at issue in this case and therefore must necessarily engage in a certain degree of speculation, inaccurate in this case, when describing the content of the records.

unique sensitivity of the issues involved and the reluctance of sexual harassment victims to come forward because of the fear that they will be disbelieved or exposed in some way. The trial court further found that disclosure of the details of the alleged sexual harassment would be highly offensive to a reasonable person. We agree with both findings, which are supported by substantial evidence and by our examination of the records at issue.

We conclude, therefore, that both parts of the twofold test established in *Perkins* are satisfied here in that the identity of the sexual harassment complainant in this case, including related identifying information, and sexually explicit portions of the investigation documents are not of legitimate public concern, and their disclosure would be highly offensive to a reasonable person. Consequently, the identity of the complainant and the sexually explicit portions of the investigation documents are exempt from public disclosure under § 1-210 (b) (2).

We have undertaken a detailed review of the entire record before the trial court and, after doing so, conclude that the commission's factual findings were *not* reasonably supported by the substantial evidence in the record as a whole. *New England Cable Television Assn., Inc.* v. *Dept. of Public Utility Control,* supra, 247 Conn. 117–18. The trial court, therefore, properly reversed the commission's findings.

Finally, although we agree with the trial court that the commission improperly ordered the department to disclose the entire file, we are not, however, in complete agreement with the trial court concerning exactly which portions of each document at issue are exempt from disclosure. The trial court agreed with all of the department's claims of exemption with respect to specific portions of the records. For example, the trial court

agreed with the department that the entire sexual harassment complaint and all of the complainant's detailed statement were exempt from disclosure. We take a narrower view and conclude that the only portions of those two documents that are exempt are those portions identifying the complainant or containing sexually explicit information. We have reached the same conclusion with respect to the interview notes as well. For example, the trial court, agreeing with the department, found this question exempt from disclosure: "Was [the complainant] consuming alcohol?" We conclude that the question is not exempt from disclosure as an invasion of personal privacy and must be disclosed. To evidence our ruling with respect to each portion of the records claimed as exempt we are filing with the chief clerk of the appellate system a complete copy of the records at issue, redacting only those portions that we conclude are exempt from disclosure under the personal privacy exemption.

## II

The second issue presented in these appeals is whether the trial court exceeded its proper scope of review under § 4-183. The trial court, in effect, found that the identity of an alleged victim in a sexual harassment complaint and other information related to the investigation are *always* exempt from disclosure under the act and that the disclosure of such information would always constitute an invasion of the personal privacy of the complainant.

The Courant contends that the court exceeded its proper scope of review when it found "that the identity of the complainant and related investigative material in a sexual harassment complaint, if disclosed to the public, constitute information which is highly offensive to a reasonable person," and that "[t]he identity of an alleged victim in a sexual harassment complaint, and

other information related to the investigation, are exempt from disclosure under the Freedom of Information laws. . . . The disclosure of such information would constitute an invasion of the personal privacy of the complainant."[16] The Courant argues that the trial court abandoned the appropriate, fact intensive, case-by-case analysis required under *Perkins* and announced a rule of law to be applied in every case involving sexual harassment allegations. At oral argument, the department conceded that *Perkins* requires a fact intensive individual analysis of each case. The Courant and the department, therefore, both agree that, as construed in *Perkins*, § 1-210 (b) (2) requires a factual analysis on a case-by-case basis.

We agree that the trial court exceeded the proper scope of review by concluding that the identity of a sexual harassment complainant and other information in a sexual harassment investigation are always exempt under § 1-210 (b) (2). As we have demonstrated in part I of this opinion, § 1-210 (b) (2) requires two factual findings. The party claiming the exemption under § 1-210 (b) (2) has the burden of proving both that the information in the record is not of legitimate public interest *and* that the disclosure of the information would be highly offensive to a reasonable person. These factual findings necessarily require an analysis of the facts of each case in which the personal privacy exemption is claimed. We, therefore, reverse the trial court's finding that the identity of an alleged victim in a sexual harassment complaint and other information related to the investigation are always exempt from disclosure under the act and that the disclosure of this information would always constitute an invasion of the personal privacy of the complainant.

Accordingly, we affirm the judgment of the trial court with respect to its finding that the identity of the sexual

---

[16] See footnote 10 of this opinion.

harassment complainant involved here and certain other information related to the investigation of her complaint are exempt from disclosure under § 1-210 (b) (2), except to the extent that we limit the exemptions as discussed in this opinion and indicated in the redacted records filed herewith. We reverse the judgment of the trial court with respect to the materials that we do not find to be exempt and direct that court to deny the plaintiffs' appeal as to those materials. We also reverse the trial court's judgment with respect to its finding that the identity of a sexual harassment complainant and other information related to the investigation are always exempt from disclosure under § 1-210 (b) (2), and we direct the trial court to vacate that part of its judgment.

The judgment is affirmed in part and reversed in part and, to the extent that the judgment is reversed, the case is remanded to the trial court with direction to render judgment consistent with the preceding paragraph.

In this opinion the other justices concurred.