WILSON, Judge.
This is an appeal by the plaintiff, Hadrian Koehaehy, from a final decision of the Office of the Director of Regulation, the *523 Director of Regulation, revoking the plaintiffs license to work at the Mohegan Sun Casino or related operations. The plaintiff has appealed pursuant to Mohegan Tribal Ordinance (MTO) 95-6.[1]
I. JURISDICTION
MTO 2002-13 contains several provisions relevant to this appeal. Sec. 1(a) provides that the Agency includes the Office of the Director of Regulation as set forth in MTO 95-2; and (b) provides that the final decision means any final agency action. Sec. 3(a) provides that “a person who is aggrieved by the final decision may appeal to the Gaming Disputes Court as provided in this ordinance.”[2] MTO 95-2, Sec. 13, likewise provides for an appeal to this court from the final decisions of the director regarding revocation of gaming licenses. The court therefore finds that it has jurisdiction to hear this appeal.
II. FACTUAL BACKGROUND
The plaintiff applied for work at the Mohegan Sun Casino, a gaming operation operated under the Mohegan Tribal Gaming Authority established by the Mohegan Tribal Council pursuant to the Mohegan Constitution. MTO 95-2 and MTO 94-1. The requirements of the Tribal State Compact Between the Mohegan Tribe and the State of Connecticut (“Compact”), Sec. 5(a), required that the plaintiff hold a valid, current employee license.
The order issued by the defendant was to revoke the plaintiff’s license at the Mohegan Sun.
The plaintiff appealed the decision through the channels of the Mohegan Sun. He testified at the hearings, and also submitted written evidence, in relevant part the decision appealed from is as follows:
CONCLUSIONS OF LAW
1. Under the Tribal-State Gaming compact the MTGC has the “primary responsibility for oversight of tribal gaming operations.” Compact, Section 13(a). The MTGC has the duty and responsibility to monitor all gaming operations to assure that all provisions of the Compact and tribal gaming ordinances and policies are enforced.
2. Included within this authority is the power to approve or deny license applications of individuals to be employees of the gaming facility under the provisions of the following sources: Tribal Gaming Ordinance 94-1, Tribal Gaming Authority Ordinance 95-2, Tribal Ordinance 95-6 (Procedures for Appeal to the Gaming Disputes Court), and Section 5 of the Tribal-State Gaming Compact.
3. The applicant for licensing at Mohegan Sun is required to undergo a background investigation to determine whether the applicant has any criminal history or other such matters which would result in disqualification or denial of a license.
4. The MTGC must allow the person who is subject to the action the right to appeal the decision and the opportunity to present any and all evidence to the MTGC that pertains to the activity in question.
5. In its hearings, the MTGC will employ a “preponderance of the evidence” standard of proof.
*524 FINDINGS OF FACT
1. The MTGC’s decision to deny Mr. Kochachy is based upon his prior criminal history. A background investigation conducted by the MTGC Investigators revealed that Respondent had been denied a New Jersey gaming license due to misconduct.
2. MTGC Investigator Ma/.zulli presented the following Exhibits into the record:
A. (Exhibit # 1) A copy of the MTGC letter dated September 4, 2002, to Mr. Kochachy denying him a license and providing the opportunity to appeal.
B. (Exhibit # 2) An excerpt of a copy of Mr. Kochachy’s Personal History Disclosure (PHD) showing his response to Question #10,
C. (Exhibit # 3) A copy of the MTGC Investigation Report on Mr. Kochachy.
3. Mr. Kochachy was arrested in New Jersey for Theft by Unlawful Taking on September 6, 1999. He was observed by surveillance palming over $1,000.00 in gaming chips. This information was presented by the New Jersey Division of Gaming Enforcement to an MTGC Investigator (Exhibit # 3).
4. Mr. Kochachy testified that he was not convicted and presented evidence (Exhibit Rl) to that fact. He still remains unlicensed in New Jersey,
5. Mr. Kochachy also indicated that he took $5,000.00 in gaming chips resulting in his arrest and revocation of his New Jei’-sey gaming license.
6. Exhibit # 3 also indicates his license was revoked at Foxwoods, yet failed to indicate this in addition to the answers for Question # 7 on his PHD.
7. This Hearing Officer contacted the State of Connecticut’s Division of Special Revenue (DOSR) on September 19, 2002 to confirm Respondent’s status at Foxwoods, It was discovered that DOSR had also denied Mr. Kochachy a gaming license on October II, 2000.
8.Mr. Kochachy’s denial by the New Jersey Division of Gaming Enforcement, Foxwoods and DOSR indicate a question of suitability. Mr. Kochachy also failed to indicate a license denial from Foxwoods and DOSR in his response to Question # 7. Based upon these issues, Mr. Koehachy’s license will be revoked.
ORDER
1. Mr. Kochachy’s Tribal (Commission) Gaming license is revoked due to his failure to disclose other license denials from Foxwoods and DOSR and for his license revocation in New Jersey.
This appeal followed.
III. LEGAL STANDARD OF REVIEW
An appeal to this court from a revocation of a license is governed, inter alia, by MTO 2002-13. In accordance with Sec. 3(g) a transcript of the hearing held by the director was made a part of the record of this case, as were other documents in the record, including the agency’s findings of fact and conclusions of law. Oral arguments and written briefs were received.
Under subsection (i) the appeal is confined to
(j) the record as thus established. Under subsection (j): (j) The court shall not constitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess *525 of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section a remand is a final judgment.
The standard set forth in Sec. 3(j) of MTO 2002-13 is substantially the same as that set forth in the Connecticut Administrative Procedures Act, CONN. GEN.STAT. Sec. 4—183(j); therefore, Connecticut cases interpreting Sec. 4-183 are instructive. Under this standard, in an administrative appeal, the plaintiff' bears the burden of proving that the director’s decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, cf. Bialowas v. Commissioner of Motor Vehicles, 44 Conn.App. 702, 708-709, 692 A.2d 834 (1997).
Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency’s findings of basic fact and whether the conclusions drawn from those facts are reasonable.... Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding ... the decision must be upheld. The obvious corollary to the substantial evidence rule is that a court may not affirm a decision , if the evidence in the record does not support it. Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. at 709, 692 A.2d 834 (internal, quotation marks and citations omitted). See also, Macdermid Inc. v. Dept. of Environmental Protection, 257 Conn. 128, 778 A.2d 7 (2001); and Rocque v. Freedom of Information Commission, 255 Conn. 651, 774 A.2d 957 (2001).
Several Mohegan ordinances are applicable in this case. MTO 95-2, An Ordinance Establishing the Mohegan Tribal Gaming Authority (MTGA), grants the MTGA the power over licensing and vests in the director the duty of “issuing and revoking licenses and generally overseeing the integrity of the gaming operation.” Sec. 5(b)(10). Sec. 12(5) provides that the director “shall carry out the tribe’s regulatory duties” as described in MTO 94-1, and vests in the Director “final authority over all license applications.”
MTO 94-1, the Mohegan Tribal Gaming Ordinance, incorporates the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. Secs. 2701 et seq., and sets forth in Sec. 9 qualifications for gaming licenses. One of the purposes is to protect against “threats to the public interest, or the interest of the Tribe or to the effective regulation and control of gaming.” See 25 U.S.C. Sec. 271Q(b)(2)(F)(ii)(II).
These ordinances comply with the requirement of Sec. 7(a) of the “Compact” to “adopt standards of operation and management to ... protect the public interest in the integrity of the gaming operations .....” (emphasis added) Such a standard is likewise required by 25 U.S.C. Sec. 2710(b)(2)(F)(ii)(II).
*526 IV. Ill J VIEW OF THE HEFE.MhWT’S ORDER
The plaintiff admitted the theft in New Jersey, and his subsequent arrest, and denial of the New Jersey license based thereon. In his defense he asserts that this was the sole blemish on his record and he requests a “second chance”. His license remains under revocation/suspension in New Jersey until 2004 when he is eligible to apply in New Jex-sey for a new license.
As indicated under Part III, supra, the function of this court on appeal is limited to determining if there is substantial evidence to support the defendant’s decision. The defendant has a wide discretion and this court cannot substitute its discretion for that of the defendant. Based on the admitted facts and the substantial evidence in the record, this court cannot find that the defendant abused his discretion in revoking the plaintiffs license.[3]
The appeal is dismissed.

. During the pendency of this appeal MTO 95-6 was repealed and replaced by MTO 2002-J3. MTO 2002-13 is, by its terms, applicable to pending cases and henceforth will be referenced by its present number.

. The decision of the Director, concerning a revocation of license, is a final appealable decision.

, It appears to this court that the appropriate time and the place for plaintiff to request a "second chance” would be in the year 2004 in the state of New Jersey when and where he will be. eligible to reapplv for a New Jersey license, according to the plaintiff's testimony.