EAGAN, Judge.
This is an appeal by the plaintiff, Dylan LaPietra, from a final decision of the Office of the Director of Regulation revoking the gaming license of the plaintiff for his failure to appear at a show cause hearing on August 14, 2002. The plaintiff has appealed pursuant to Mohegan Tribal Ordinance 95-6 (now M.T.O. 2002-13). The terms of M.T.O. 2002-13 are controlling over this appeal- See Hadrian Kochachy v. Office of Director of Regulations, Docket No. GDTC-AA-Q2-152, — Am. Tribal Law-, 2003 WL 25795105 (2003) (Memorandum of Decision, Wilson, J.)
I. JURISDICTION
The court has jurisdiction to hear this appeal pursuant to M.T.0.2002-13 in that the revocation of the plaintiffs license is considered to be a final decision of a final agency action. Mohegan Tribal Ordinance 95-2 Section 13 also provides for an appeal to this court from the final decisions of the Director regarding revocation of gaming licenses.
II. FACTUAL BACKGROUND
On July 19, 2002 the Mohegan Tribal Gaming Commission (MTGC) notified the plaintiff, Dylan LaPietra, then employed as Craps Dealer with the Mohegan Sun Casino, that he was being ordered to appear before the commission at a show cause hearing held on August 14, 2002. The stated purpose of the hearing was to determine the suitability of the plaintiff to be licensed as a result of a background investigation. The plaintiff failed to appear at that hearing a the following relevant findings were made:
“CONCLUSIONS OF LAW
1. Under the Tribal-State Gaming Compact the MTGC has the ‘primary responsibility for oversight of the tribal gaming operations.’ Compact, Section 13(a). The MTGC has the duty and responsibility to monitor all gaming operations to assure that all provisions of the compact and tribal gaming ordinances and policies are enforced.
2. Included within this authority is the power to approve or deny license applications of individuals to be employees of the gaming facility under the provisions of the following sources: Tribal Gaming Ordinance 94-1, Tribal Gaming Authority Ordinance 95-2, Tribal Ordinance 95-6 (Procedures for Appeal to the Gaming Disputes Court), and Section 5 of the Tribal-State Gaming Compact.
3. The applicant for licensing at Mohegan Sun is required to undergo a background investigation to determine whether the applicant has any criminal history or other such matters which would result in disqualification or denial of a license.
4. The MTGC must allow the person who is subject to the action the right to appeal the decision and the opportunity to present any and all evidence to the MTGC that pertains to the activity in question.
*537 5. In its hearings, the MTGC will employ a ‘preponderance of the evidence’ standard of proof.”
FINDINGS OF FACT
“1. The MTGC’s decision to deny Mr. LaPietra is based upon his arrest by the Norwich Police Department for Assault, 3rd degree.
2. After receiving his request for a hearing, through Certified Mail Return Receipt # 7001 2510 0003 7646 1584, the Respondent failed to appear for the hearing at the scheduled time and place after being duly notified.
3. Based upon his failure to appear, the Hearing Officer issues a default notice for his non-appearance.
ORDER
1. Mr. LaPietra’s gaming license is to be revoked due to his failure to appear at a hearing after receiving proper notice.”
This appeal is the result of the above action. At oral argument the plaintiff stated that the arrest which prompted the show cause hearing was due to be dismissed on March 26, 2003.
III. LEGAL STANDARD OF REVIEW
This appeal is governed by M.T.0.2002-13. A transcript of the hearing held by the Director was made a part of the record of this case along with the agency’s finds of facts and conclusions of law. Oral argument was heard and the defendant filed a written brief. The plaintiff did not file a brief within the designated time period.
The appeal is confined to the record as established pursuant to M.T.0.2002-13(i). By the terms of subsection (j):
The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decision are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. The court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section a remand is a final judgment.
This court has previously looked to case law governing the Connecticut Administrative Procedures Act, O.G.S. Section 4-183(j), since it is substantially the same as the standard contained within Section 3(j) of M.T.O.2002-13. Hadrian Kochachy v. Office of Director of Regulations, Docket No. GDTC-AA-02-152, 4 Am. Tribal Law 522, 524-25, 2003 WL 25795195, *3 (2003) (Memorandum of Decision, Wilson, J.). In an administrative appeal the plaintiff bears the burden of proof that the Director’s decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.
If the administrative record provides substantial evidence upon which the hearing officer could- reasonably have based his finding, the decision must be upheld. The obvious corollary: to the substantial evidence rule is that a court may *538 not affirm a decision if the evidence in the record does not support it. Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702, 709, 692 A.2d 834 (1997) (internal quotation marks and citations omitted). See also MacDermid, Inc. v. Dept. of Environmental Protection, 257 Conn. 128, 778 A.2d 7 (2001); and Rocque v. Freedom of Information, Commission, 255 Conn. 601, 774 A.2d 957 (2001).
There are several Mohegan Ordinances which are applicable to this case. M.T.O. 95-2 grants the Mohegan Tribal Gaming Authority the power over licensing of its employees and vests in the Director the duty of “issuing and revoking licenses and generally overseeing the integrity of the gaming operation” Sec. 5(b)( 10).
M.T.O. 94-1, the Mohegan Tribal Gaming Ordinance, incorporates the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. Secs. 2701 et seq., and sets forth in Section 9 the qualifications for gaming licenses. One of the purposes is to protect against “threats to the public interest, or the interest of the Tribe or to the effective regulation and control of gaming.” See 25 U.S.C. sec. 2710(b)(2)(F)(ii)(II).
IV. REVIEW OF THE DEFENDANT’S ORDER
Because the decision was based upon a default in appearance of the plaintiff, there does not exist a sufficient record to determine whether substantial evidence exists to uphold the finding of the hearing officer. Accordingly, this court requires additional factual findings to determine whether the plaintiff represents a threat to the public interest, or to the interest of the Tribe or to the effective regulation and control of gaming. M.T.O. 94-1.
This case is factually distinguishable from Hadrian Kochachy v. Office of Director of Regulations, Docket No. GDTG-AA--02-152, 4 Am. Tribal Law 522, 2003 WL 25795195 (2003) (Memorandum of Decision, Wilson, J.) in that the present case the plaintiff does not admit the underlying offense. This is in contrast to the Ko-chachy case, wherein the plaintiff in the appeal admitted to a theft. The fact that the case was pending does not necessarily imply guilt. In Kevin Gruntz v. Office of Director of Regulations, Docket No. GDTC-AA-02-121, 4 Am. Tribal Law 509, 511-12, 2002 WL 34461815, *3-4 (2002) (Memorandum of Decision, 10/30/02 Wilson, J.), the court found that the plaintiff was justified in not discussing a pending charge of breach of the peace based upon the privilege of self-incrimination. (Appeal dismissed on other grounds).
The court remands the case to determine the disposition of all charges against the plaintiff and to determine whether the plaintiff represents a threat to the public interest, or to the interest of the Tribe or to the effective regulation and control of gaming. The court further orders that any further default in appearance of the plaintiff to a properly noticed hearing will result in an automatic dismissal of his appeal upon submission of affidavit by defendant.