EAGAN, Judge.
This is a re-argument of an appeal by the plaintiff, Dylan La Pietra, from a final decision of the Office of the Director of Regulation revoking the gaming license of the plaintiff for his failure to appear at the shov? cause hearing on August 14, 2002. The plaintiff' has appealed pursuant to Mohegan Tribal Ordinance 95-6 (now M.T.Q. 2002-13). The terms of M.T.0.2002-13 are controlling over this appeal. See Hadrian Kochachy v. Office of the Director of Regulations, Docket No. GDTC-AA-02-152, 4 Am. Tribal Law 522, 2003 WL 25795195 (2003) (Memorandum of Decision, 2/18/03 Wilson, J.) On April 21, 2002, this court ordered that a hearing be held on May 22, 2003, on the defendant’s Motion-to Reargue and notice was sent by the court to the pro se plaintiff. The plaintiff failed to appear at the hearing after receiving due notice from the court.
In support of its Motion to Reargue, the defendant filed a Memorandum of Law to which the plaintiff has not filed a reply.
I. LEGAL STANDARD
The defendant, Office of the Director of Regulation, derives its power to compel attendance at a show cause hearing from the Mohegan Tribal Gaming Commission Administrative Hearing Procedures, Rules of Practice, Section 95-2. An Ordinance establishing the Mohegan Tribal Gaming Authority requires the Mohegan Tribal Council to establish procedures by which the Director of Regulations may promulgate regulations regarding gaming license applications. Section 12(5) of Ordinance 95-2.
Chapter 2, Section 6 of the RULES OF I’RACATICE entitled Default states:
“In any duly noticed proceeding where in the respondent-fails to appear, the hearing officer, upon a finding of actual or constructive notice of the pendency of *540 such proceedings, may note such failure upon the record, and render a decision by default.”
Defendant accurately cites as further authority for a default judgment the parallel Administrative Procedures for the Division of Special Revenue. Section 12-562-44a also provides for the imposition of a default judgment by an administrative officer. The Mohegan Rule of Practice as cited above closely mirrors Section 12-562-44a.
II. ORDER
Upon the authority cited above, the defendant had authority to enter a default judgment upon the failure of the plaintiff to appear at the show cause hearing. The plaintiffs failure to appear at the hearing on the Motion to Reargue also provides a basis to dismiss the plaintiffs appeal. The prior Memorandum of Decision provided that any further default in appearance would result in a dismissal.
Based upon the foregoing, the appeal of the plaintiff is dismiss.