MEMORANDUM OF DECISION ON PLAINTIFF’S APPEAL

EAGAN, Judge.
BACKGROUND
The plaintiff brought the present action alleging that her termination, suspension of her gaming license, and barrmerrt from the Mohegan Sun Casino, were improper. The Director’s Order was the result of a surveillance investigation conducted by the Surveillance Department of the Mohegan Sun Casino. The plaintiff was the subject of the investigation in the overrating of a patron.
*517 Following the evidentiary hearing on March 21, 2003, the MTGC’s hearing officer made the following Conclusions of Law:
“1. Under the Tribal-State Gaming Compact the MTGC has the ‘primary responsibility for oversight of tribal gaming operations.’ Compact, Section 13(a). The MTGC has the duty and responsibility to monitor all gaming operations to assure that all provisions of the Compact and Tribal Gaming Ordinances and Policies are enforced.
2. Included within this authority is the power to bar and exclude any persons, including employees of the gaming facilities, based upon activity that would pose a threat to the integrity of the gaming activities of the Tribe. Under Section 7(b)(ii) of the Tribal-State Gaming Compact the MTGC is required to establish a list of persons barred from the gaming facilities.
3. The decisions of the MTGC to bar persons must be supported by credible evidence of criminal activity or other activity that would pose a threat to the integrity of the gaming activities of the Tribe. Furthermore, the MTGC must allow the person who is subject to the action the right to appeal this decision and the opportunity to present any and all evidence to the MTGC that pertains to the activity in question.
4. In its hearing the MTGC will employ a ‘preponderance of the evidence’ standard of proof.”
The MTGC’s hearing officer also made the following findings:
“1. I find that on September 25, 2002, that by a preponderance of evidence, Ms. Upson overrated the play for Mr. Blinderman.
2. I find that on September 26, 2002, that by a preponderance of evidence, Ms. Upson overrated the play for Mr. Blinderman.
3. I find that on October 2, 2002, that by a preponderance of evidence, Ms. Upson overrated the play for Mr. Blinderman.
4. I find that on October 3, 2008, that by a preponderance of evidence, Ms. Upson overrated the play for Mr. Blinderman.”
LEGAL STANDARD OF REVIEW
The standard of review of an agency’s final decision in an appeal filed pursuant to MTO 2002-13 is substantially similar to that under the Connecticut Administrative Procedures Act, C.G.S. Section 4—183(J). LaPietra v. Office of the Director of Regulation, 1 G.D.R. 126, 127 (2003). “If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding, the decision must be upheld.” Id. The court is not permitted to substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. MTO 2002-13 Section 3(j). Kochachy v. Office of the Director of Regulation, 1 G.D.R. 115, 116, 4 Am. Tribal Law 523-24, 2003 WL 25795195 (2003).
Nevertheless, the court may not affirm a decision not supported by substantial evidence in the record. Bialowas v. Commissioner of Motor Vehicles, 44 Conn.App. 702, 709, 692 A.2d 834 (1997). If substantial rights of the plaintiff have been prejudiced by administrative findings, inferences, conclusions; or decisions were affected by error of law or were clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; the court shall sustain the *518 appeal and may either remand the ease or enter judgment. MTO 2002-13 Section 3(j)—(k).; Kochachy v. Office of the Director of Regulations, 1 G.D.R. 115, 117, 4 Am. Tribal Law 522, 525-26 (2003).
Additionally because the initial hearing was administrative in nature, it is permissible to admit testimony that could be considered hearsay in nature as long as it is reliable and probative. Hultman v. Department of Social Services, 47 Conn.Supp. 228, 783 A.2d 1265 (2000); Paquette v. Hadley, 697 A.2d 691, 45 Conn.App. 577 (1997).
The following Mohegan ordinances are applicable in this case. MTO 95-2 grants the MTGC the power over licensing and vests in the Director the duty of “issuing and revoking licenses and generally overseeing the integrity of the gaming operation.” Sec. 5(b)(10). Sec. 12(5) provides that the Director “shall carry out the tribe’s regulatory duties” as described in MTO 94-1, and vests in the Director “final authority over all license applications.”
MTO 94-1 incorporates the Indian Gaming Regulatory Act, 25 U.S.C. Secs. 2701 et seq., and sets forth in Sec. 9 qualifications for gaming licenses. One of the purposes is to protect against “threats to the public interest, or the interest of the Tribe or to the effective regulation and control of gaming.” See 25 U.S.C. Sec. 2710(b)(2)(F)(ii)(II).
As stated in the Kochachy case, these ordinances comply with the requirement of Sec. 7(a) of the “Compact” to “adopt standards of operation and management to protect the public interest in the integrity of the gaming operations ...” (emphasis added). Kochachy v. Office of the Director of Regulation, 1 G.D.R. 115, 116, 4 Am. Tribal Law 522, 523-24 (2003).
REVIEW OF THE DEFENDANT’S ORDER
The plaintiff argues that the Hearing Officer for the Gaming Authority assumed facts not in evidence. The plaintiff further states that the decision was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In addition, the plaintiff claims that the hearing officer’s failure to Sua Sponte review the videotape surveillance was an abuse of discretion. The court does not find these arguments to be convincing.
After reviewing the entire record, this court does not find sufficient grounds to overrule the findings of the hearing officer. The “Agency’s factual determination must be sustained if it is readily supported by substantial evidence in the record taken as a whole.” Rocque v. FOI Commission, 255 Conn. 651, 774 A.2d 957 (2001). Nothing presented by the plaintiff has provided the court with grounds to change the factual findings of the defendant.
As indicated above, in the present case, the function of this court on appeal is limited to determining that there was substantial evidence to support the findings of the hearing officer. The defendant has discretion and this court cannot substitute its discretion for that of the defendant. The findings of the hearing officer are consistent with the evidence of the overrating of the patron.
CONCLUSION
Based upon the admitted facts and substantial evidence on the record, the appeal of the plaintiff is dismissed.