GUERNSEY, Chief Judge.
I. BACKGROUND.
On August 5, 2002, the Mohegan Tribal Gaming Commission notified the Plaintiff that his non-gaming license application would not be processed further as a result of his prior criminal history, and that this decision could be appealed to the Director of Regulation. The ensuing appeal, before a Hearing Officer appointed by the Defendant, took place on August 21, 2002. The relevant evidence introduced during the course of this hearing was the Plaintiffs response to a Commission Disclosure form and the Plaintiffs testimony at the hearing. Question 10 of the Commission Disclosure form inquired if the applicant had ever been convicted of a crime, felony, misdemeanor, or other offense including motor vehicle crimes. The Plaintiffs response on the Disclosure form indicated that he had been arrested for possession of marijuana, possession of a weapon in a motor vehicle, and DWI.
During the course of the hearing, the Plaintiff explained that the weapons charge occurred in 1989 or in the 1990’s and that he was under the age of 18 at the time. The charge resulted from the fact that he was young and in the wrong place, and .was hanging out with friends when the car in which they were riding was pulled over. The weapon apparently was a firearm, and the Plaintiff testified that it was not his. According to the Plaintiff, after going to court for a year his mother decided for him just to take the probation of five years, which he completed in 1994 or 1995.
There were no details elicited concerning the conviction for possession of marijuana, but the probation following this conviction had been transferred from the Bronx to Norwich, during which period he was subjected to, and passed, random urine tests. This period of probation either was to end the next day, or had ended on April 3, 2002 (according to a letter from the Department of Probation). As for the DWI, the Plaintiff testified that in June 2001 he was arrested for driving while intoxicated, and that he had completed a “ten week course” as a result.
The Plaintiff testified that he moved from the Bronx to Connecticut in order to give his kids a better life, and he has lived in the Norwich area for three years. During this time he worked at Burger King *542 and the Norwich Inn. At the latter job he left as a result of disagreement with Management the led to the filing of a discrimination claim. The Court notes the Plaintiffs date of birth is May 2, 1969, so at the time of the hearing he was 33 years old.
In the Notice of Decision dated August 30, 2002, the Hearing Officer concluded the following:
5. Mr. Spruill’s involvement with the law extends from the present back to his years as a teen. He was involved in a weapons conviction, served probation and then became involved in a drug conviction, which incurred probation that was recently completed. This pattern does not give the MTGC sufficient basis to determine if Mr. Spruill has finally removed himself from his past problems. His recent completion of probation should be followed by an additional demonstrated period of rehabilitation in order to prove he has corrected his life of previous misfortunes involving the law.
The MTGC action to deny a Tribal Gaming (Commission) license was upheld. Pursuant to MTO 95-4, the Plaintiff appealed this decision to the Gaming Disputes Court. During the pendency of this appeal, MTO 95-4, which had previously been held to apply only to gaming licenses, Ager v. Office of the Director of Regulation, 1 G.D.R. 1 (1997), was repealed by MTO 2002-13, which specifically allows final agency decisions concerning non-gaming licenses to be appealed to the Gaming Disputes Court. MTO 2002-13 Section 1(c).
II. STANDARD OF REVIEW.
As has repeatedly been noted, the standard for review of an agency’s final decision in an appeal filed pursuant to MTO 2002-13 is substantially similar to that under the Connecticut Administrative Procedures Act, C.G.S. § 4—1830). LaPietra v. Office of the Director of Regulation, 1 G.D.R. 126, 127 (2003). “If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding, the decision must be upheld.” Id. The Court is not permitted to substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. MTO 2000-13 Section3(j).
Nevertheless, the Court may not affirm a decision not supported by substantial evidence in the record. Bialowas v. Commissioner of Motor Vehicles, 44 Conn.App. 702, 709, 692 A.2d 834 (1997). If substantial rights of the Plaintiff have been prejudiced by administrative findings, inferences, conclusions, or decisions affected by error of law or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, the Court shall sustain the appeal and may either remand the case or enter judgment. MTO 2000-13 Section 3(j)-(k).
III. DISCUSSION
In its brief, the Defendant cites Section 5 of the Tribal-State Gaming Compact:
The State Gaming Agency may deny a gaming employee license to any applicant who: (1) has been determined to be a person whose prior activities, criminal record, if any, or reputation, habits and associations pose a threat to the effective regulation of gaming or create or enhance the chances of unfair or illegal practices, methods, and activities in the conduct of the gaming activities permitted hereunder ...
Tribal-State Gaming Compact, Section 5(g). This power may be exercised by the Tribal gaming agency pursuant to Section 10(a). Figueroa v. Office of the Director of Regulation, 1 G.D.R. 101, 103 (2003). The Defendant argues that “in light of the seri *543 ous criminal convictions sufficient rehabilitative time has not accrued the plaintiff’, and that he poses a threat to the integrity of the gaming industry. The Hearing Officer’s decision, and the position of the Defendant in this appeal, is based on the three convictions about which the Plaintiff testified.
A closer analysis of the evidence presented, however, strongly suggests that these “convictions” are quite likely not what the Hearing Officer believed them to be. The first, a “conviction” for possession of a weapon in a motor vehicle, occurred when the Plaintiff was seventeen. In Plaintiffs Commission Disclosure form, there appears next to this entry the notation “youthful offender @ age 17-1986”. This would be consistent with his testimony that after going to court with him for a year his mother decided for him just to take the probation, and it is also quite a common disposition for a criminal case when possession of an item is in dispute.
In the event that the matter was in fact disposed of on a youthful basis, \ e\\ York law is quite specific as to the consequences of such a disposition:
§ 720.35 Youthful offender adjudication: effect thereof: records
1. A youthful offender adjudication is not a judgment of conviction for a crime or any other offense, and does not operate as a disqualification of any person so adjudged to hold public office or public employment or to receive any license granted by public authority but shall be deemed a conviction only for the purposes of transfer of supervision and custody pursuant to section two hundred fifty-nine-m of the executive law.
McKinney’s CPL § 720.35(1). New York law further provides that all official records and papers, wherever on file, relating to a youth adjudged to be a youthful offender are confidential and may not be made available except under very strict limitations. McKinney’s CPL § 720.35(2). Thus, the most serious of the convictions relied upon by the Hearing officer may not be a conviction at all.
Similarly, reference was made to a DWI conviction. Although the copy of Plaintiffs application furnished to the Court is difficult to read in parts, it appears that this occurred in Norwich, Connecticut. This would place the case in the Superior Court, G.A. 21, which would be consistent with the Plaintiffs residence at the time. Again, the Plaintiffs testimony that he had just completed a “ten week course” is consistent not with a conviction, but rather with participation in the Alcohol Pretrial Education Program pursuant to Conn. Gen.Stat. § 54-56g, successful completion of which results not in a conviction but rather a dismissal of the charges. Conn. Gen.Stat. § 54-56g(b).
If the foregoing inferences are correct, this leaves a conviction for possession of marijuana in the Bronx criminal court, for which the Plaintiff was placed on, and satisfactorily completed, probation for a period of three years. No additional information concerning the events surrounding this conviction was adduced at the hearing. Although possession of marijuana, as the term is generally used, is a Class A misdemeanor in Connecticut, the Court notes that in New York the offense could range from a Class B misdemeanor (Criminal Possession of Marijuana in the Fifth Degree) up to a Class C Felony (Criminal Possession of Marijuana in the First Degree). McKinney’s Penal Law, § 221.10-221.30.
The Court notes that the Plaintiff was not represented by counsel at the administrative hearing from which this appeal is taken. It is also apparent that the Hear *544 ing Officer believed that the Plaintiff had a substantial criminal record, when it appears more likely than not that it consists of one conviction for possession of marijuana.[1]
Accordingly, the Court finds that substantial rights of the Plaintiff have been prejudiced and that the decision of the Hearing Officer is affected by error of law.
In view of the uncertainties surrounding the Plaintiffs record, the matter is remanded for the purpose of clarification of the Plaintiffs criminal record, and the reconsideration by the Defendant of whether the Plaintiff poses a threat to the effective regulation of gaming.

. This decision does not mean to suggest that the Defendant cannot consider activity that does not give rise to a conviction, See, e.g., Tribal -State Gaming Compact Section 5(e), or that one conviction is insufficient for the denial of a gaming license as a matter of law. However, such non-conviction activity should not be elevated to the level of a criminal record and then considered by the Hearing Officer as such when the activity is not considered a criminal conviction under State law.