MEMORANDUM OF DECISION ON DEFENDANT’S MOTION IN LI-MINE/PLAINTIFF’S APPLICATION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE
GUERNSEY, Chief Judge.
The Defendant, Office of the Director of Regulation, in response to the Pro Se Plaintiff s request to present additional evidence[1], filed a Motion in Limine on grounds that the Gaming Disputes Court lacks authority to hear an appeal of a final agency decision de novo. At the hearing on Defendant’s motion, both the issue of a hearing de novo and whether the Defendant should be permitted to present additional evidence before the agency were considered.
For the reasons hereinafter set forth, the Defendant’s Motion in Limine is granted with respect to a request for a hearing de novo. As for the presentation of additional evidence before the agency, the Motion is granted in part and denied in part.
BACKGROUND
On July 24, 2006, the Plaintiff was notified by the Mohegan Tribal Gaming Commission that his application for a Gaming Commission License would not further be processed on grounds of his arrest on October 31, 2005 for Grand Theft by the Seminole Police Department stemming from acts allegedly committed while employed as a Security Supervisor at the Seminole’s Hard Rock Hotel and Casino. The Plaintiff duly appealed to the Office of the Director of Regulation, and a hearing was conducted on September 7, 2006 before Hearing Officer George F. Wandrak.
During the hearing, Ned Pickett, Assistant Director of the Gaming Commission in charge of investigations, testified, inter alia, as to his interpretation of what appears to be an online Case Summary of the *389 Plaintiff’s criminal charge in Florida.[2] Mr. Pickett testified that it appeared to him that the charge resulted in a conviction.[3] Also introduced into evidence was a copy of the Offense/Incident Report from the Seminole Department of Law Enforcement [4] which recites that the Plaintiff was observed entering the Lost and Found Room, that he remained there for approximately forty two minutes, was observed opening the lost and found safe, removing currency, counting it under a folding table, removing lost and found slips from their binder and attaching the currency to the slips, leaving through the back of the house onto the casino floor, and placing the slips and currency into his jacket. The Report further states that Mr. Belisle confessed to making the transactions referred to[5] and that he stated that he was having financial problems, and “took the opportunity.”
In his testimony, the Plaintiff described that the result of the criminal charge was that he pled no contest to what he believed was a misdemeanor, paid restitution, was essentially not placed on probation[6] and that adjudication was withheld.[7] The Plaintiff further testified that he had not seen the police report or any of the documentation from the courts or the State of Florida, and that he returned to his family in Connecticut as soon as possible.[8]
The Hearing Officer’s Notice of Decision dated September 29, 2006 found the Plaintiff unsuitable for licensing as a result of the incident described above. This decision was based, in part, on the Hearing Officer’s acceptance of evidence concerning the Plaintiffs confession to stealing the currency and the rejection on grounds of credibility and relevance of the Plaintiffs disputation of his route from the lost and found office. The Hearing Officer also rejected the Plaintiffs testimony that the confession was “induced,” pointing out that he was represented by counsel[9] at the time and paid full restitution to the Hard Rock Hotel and Casino.
DISCUSSION
The Defendant is correct in asserting that, prior to the passage of Tribal Resolution 2006-25, the ordinance governing appeals from final agency decisions contained an explicit acknowledgement of the discretion of the Gaming Disputes *390 Court to conduct a hearing de novo,[10] and that this portion of the ordinance was eliminated as of June 21, 2006. Thus, the clear intention of the Tribal Council to eliminate such de novo proceedings is controlling in this case, and to the extent that the Plaintiff sought such a hearing, the Defendant’s Motion in Limine is granted.[11]
As for the Plaintiffs Request for Leave to Present Additional Evidence before the agency, MTC § 3-324(h) now provides in relevant part:
If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is sown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the Agency (a reason that a party was pro se during the Agency action shall not be found to be good reason), the court may order that the additional evidence be taken before the Agency upon conditions determined by the court ...
Of relevance to the first issue, whether the additional evidence is material, is the Hearing Officer’s rejection of the Plaintiffs claim that he was not convicted. Based of his reading of Montgomery v. State, 897 So.2d 1282 (Fla., 2005), the Hearing Officer, citing the definition contained in sentencing guidelines for scoring prior convictions on the sentencing guidelines worksheet in computing a defendant’s sentence, treated the Florida disposition of Plaintiffs case as a conviction. Entered into evidence before the Hearing Officer was a printout of a web page, describing the case as a Felony, with “Disposition Entered” and a reference to Grand Theft in the 3rd Degree. From this rather hard to decipher record, Mr. Pickett, quite reasonably, testified that the charge resulted in conviction.
The Plaintiffs first piece of additional evidence (Plaintiff’s Exhibit 1 for Identification), appears to be a copy of the actual Circuit Court Disposition Order in the Plaintiffs criminal case, and, while still somewhat cryptic, supplies far more information than the online case summary originally offered into evidence. If believed, this Disposition Order would establish that a “no contest plea was entered, that Adjudication was Withheld,” and that a six month probation was imposed but terminated the same day. It also sets forth costs and restitution.
The materiality of this evidence is clear. “The materiality of evidence turns upon what is at issue in the case ...” Connecti *391 cut Code of Evidence, Commentary, § 4-1. Further, there is no requirement that the evidence be conclusive. Id. In the instant case, one of the issues facing the Hearing Officer, and upon which the Defendant offered evidence, was the disposition of the criminal case in Florida. If accepted by the Hearing Officer, Plaintiffs Exhibit 1 for Identification would undoubtedly be of assistance in accurately determining this issue.
*390 § 4(l). Notwithstanding the provisions of subsection (h), (i), (j) or (k), the court may, in its discretion, receive evidence and adjudicate any appeal de novo.
*391 The issue as to whether there were good reasons for failure to present this evidence before the Agency is much closer, but on balance the Court finds the Plaintiff has sustained this burden. It is noted that the document in question is not one the Plaintiff was likely to be familiar with, and he stated in open court that it was not available to him at the time of the hearing. He further testified before the Hearing Officer that he never saw the police report or court documentation.[12]
This claim is strengthened, moreover, by the similar apparent inability of the Assistant Director for the Gaming Commission in charge of investigations to obtain this Disposition Order for the hearing, who instead was forced to rely on an incomplete Online Case Summary. Plaintiffs Application for Leave to Present Additional Evidence is granted with respect to Plaintiffs Exhibit 1 for Identification, and Defendant’s Motion in Limine is denied with respect to the submission of this exhibit to the Agency.
As for Plaintiffs Exhibit 2 for Identification, consisting of a recently filed (3/2/2007) Application for Certification of Eligibility to have his criminal history record expunged, Plaintiff has failed to demonstrate the materiality of this application, which does not even establish such eligibility.[13]
Plaintiff’s Application for Leave to Present Additional Evidence is denied with respect to Plaintiffs Exhibit 2 for Identification, and Defendant’s Motion in Limine is granted in connection therewith.
In accordance with G.D.C.P. § 41(b), Plaintiff may present Plaintiffs Exhibit 1 for Identification before the Mohegan Tribal Gaming Commission, and the case is remanded to the MTGC for such purpose. Given the rarity of this procedure in our system, it should be emphasized that this order in no way vitiates the Agency’s earlier decision:
When a party moves to offer additional evidence before the agency pursuant to § 4-183(h)[14], it is not requesting a new hearing, but rather an opportunity to supplement the record with evidence that originally was unavailable. Furthermore, a court order granting such a motion does not vitiate the department’s original decision, but instead permits the department to consider new evidence and to modify its decision as necessary. Thus, a remand under § 4-183(h) does not offer the parties an opportunity to relitigate the case ab initio, but rather represents a continuation of the original agency proceeding.
Salmon v. Department of Public Health and Addiction Services, 259 Conn. 288 319, 788 A.2d 1199 (2002).
Upon remand, the weight to be accorded the additional evidence is for the Hearing *392 Officer to decide.[15]

. The Pro Se Plaintiff’s request was contained in a Request for Extension of Time for Filing Briefs dated. February 8, 2006, which, although not couched in the language of an application for leave to present additional evidence pursuant to MTC § 3-324(h), sufficiently demonstrated his intention to obtain and present additional evidence to the extent that the. Court treats it as such.

. This was marked as Exhibit # 2.

. Transcript at 4.

. Exhibit # 4.

. This sworn taped statement, or a transcript thereof, apparently was not introduced into evidence.

. The Plaintiff testified that the judge placed him on probation but cancelled it. Transcript at 9.

. Transcript at 8-9. The Plaintiff entered into evidence as Exhibit B the relevant Florida statute, Title XLVII, Chapter 948, § 948.01(2), which provides:
If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation....

. Transcript at 17.

. It does not appear that Mr. Belisle was represented by counsel at the time the confession was made; the Hearing Officer is apparently questioning why counsel in the subsequent criminal proceeding did not move to suppress the confession. No evidence whatsoever was introduced on this issue.

. MTO 2005-05 provided, in relevant part:

. This case does not present a situation calling for the Gaming Disputes Court to invoke its constitutional authority to "receive evidence and adjudicate controversy de novo,” Constitution of The Mohegan Tribe of Indians of Connecticut, Article XIII, Section 2.1. As far as can be determined, since the founding of this Court eleven years ago, a formal de novo hearing was considered on only two occasions, both arising under the authority granted by MTO 2005-05 § 4(l). In the first, essentially no hearing at all appeared to have been conducted before the Hearing Officer, Zhang v. Office of the Director of Regulation, GDTC-AA-103-PMG (de novo hearing was not held, as the case was withdrawn), and the second, Cully v. Office of the Director of Regulation, 3 G.D.R. 28, 6 Am. Tribal Law 605 (2006) turned on guarantees of procedural due process required by the Indian Civil Rights Act of 1968, incorporated into the Constitution of the Mohegan Tribe of Indians in Article XI, Section 1(h), which issues were not even considered by the Hearing Officer. In the instant case, the Hearing Officer appears to have conducted a thorough examination ol the evidence that was presented.

. Transcript at 17

. Even if it did, this was not at issue in the proceedings before the Hearing Officer.

. The procedure set forth in MTC 3-324 is virtually identical to the procedure set forth in Conn. Gen.Stat. § 4-183(h).

. This Court has explicitly recognized that even activity that does not result in a conviction can be considered by the Hearing Officer. Spruill v. Office of the Director of Regulation, 2 G.D.R. 1. 3, n. 1, 4 Am. Tribal Law 540 (2003).