BACKGROUND
EAGAN, Judge.
The plaintiff brought the present action alleging that the suspension of his gaming license and barring from the Mohegan Sun Casino was improper. The suspension was the result of an investigation conducted by the Security Department of the Mohegan Sun Casino involving alleged illegal activity on the part of patrons and employees of the Mohegan Sun Poker Room. The al *314 leged activities included the purchase and use of illegal substances, marijuana and the trafficking and use of prescription controlled drugs in the Poker Room. The plaintiff, Paul DeProfio was identified as one of the employees of the Poker Room involved in these activities.
As a result of the Security Department’s investigation, a notice dated June 26, 2003, was sent to the plaintiff suspending his gaming license and barring the plaintiff from the Casino property. The notice cited Section 13 of the Mohegan Tribal Ordinance 95-2, Section 5(10) as grounds for the suspension. The notice also cited Section 7(b)(ii) as the authority to bar the plaintiff from the Mohegan Sun Casino. The notice recited the plaintiffs “disorderly conduct by selling prescription drugs to other casino employees which is illegal.” The Gaming Commission stated that the conduct of the plaintiff “poses a threat to the effective regulation of gaming or creates or enhances the chances of unfair or illegal methods, and/or illegal activities in the conduct of gaming and jeopardizes the public safety of the gaming facility”.
The plaintiff filed a timely request for hearing. The hearing was held on September 18, 2003 at which time the plaintiff was present and was represented by counsel.
Following the evidentiary hearing on September 18, 2003 the MTGC’S hearing officer made the following Findings of Fact:
1. The defendant’s decision to suspend Mr. DeProfio’s gaming license and exclude him is based upon his disorderly conduct of illegally selling prescription drags to other casino employees.
2. The defendant presented the following Exhibits into the record:
A. (Exhibit# 1) A copy of information consisting of notices between attorneys, notification to Mr. De-Profio and a Security Incident Report extract.
3. The defendant had earlier notified Attorney Jewell (July 28, 2003) of evidence pertaining to its case against Mr. DeProfio.
4. Attorney Jewell objected to the lack of receipt of evidence on this case. His objection was overruled based upon the information provided in the next paragraph.
5. Ms. Donna Haney then testified that she provided the necessary evidence to Attorney Jewell sometime in late August. It is the practice of the Commission that the evidence may be reviewed at the Commission Office but not removed.
6. The defendant called Frank Hamilton, Security Investigator, to testify. Attorney Jewell objected based upon hearsay. Mr. Hamilton had testified about a Security Report, which stated that another employee had illegally purchased prescription drags from Mr. DeProfio. Attorney Jewell stated since the employee could not be questioned, the hearsay could not be admitted. The objection by Mr. Jewell was upheld because of plaintiffs inability to exercise his right to cross examination of the employee.
7. The defendant called Robert Staehle to testify. Mr. Staehle testified that he had purchased marijuana from Mr. DeProfio on two occasions during his employment at Mohegan Sun.
8. Mr. DeProfio stated, under oath, that he had never sold drugs of any kind, nor stolen comp points from customers.
*315 9. The hearing officer found that the information provided by Frank Hamilton was not admissible due to hearsay. The hearing officer also found and gave significant weight to the direct testimony by Mr. Staehle on his purchase of marijuana form Mr. DeProfio. The hearing officer did not find Mr. DeProfio’s testimony to be truthful in light of Mr. Staehle’s testimony.
10. Mr. DeProfio’s gaming license was revoked for disorderly conduct. The sale of illegal drugs is inconsistent with policies in effect for employees at Mohegan Sun. The bar and exclusion is upheld to prevent Mr. DeProfio, as a patron, from conducting such illegal activities at Mohegan Sun.
LEGAL STANDARD OF REVIEW
The standard of review of an agency’s final decision in an appeal filed pursuant to MTO 2002-13 is substantially similar to that under the Connecticut Administrative Procedures Act, C.G. S. Section 4—183(j). LaPietra v. Office of Director of Regulation, 1 G.D.R. 126, 127, 4 Am. Tribal Law 535, 2003 WL 25796262 (2003). “If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding, the decision must be upheld.” Id. The court is not permitted to substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. MTO 2002-13 Section 3(j). Kochachy v. Office of the Director of Regulations, 1 G.D.R. 115, 116, 4 Am. Tribal Law 522, 2003 WL 25795195 (2003).
Nevertheless, the court may not affirm a decision not supported by substantial evidence in the record. Bialowas v. Commissioner of Motor Vehicles, 44 Conn.App. 702, 709, 692 A.2d 834 (1997). If substantial rights of the plaintiff have been prejudiced by administrative findings, inferences, conclusions, or decisions were affected by an error of law or were clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, the court shall sustain the appeal and may either remand the case or enter judgment. MTO 2002-13 Section 3(j)-(k).; Kochachy v. Office of the Director of Regulations, 1 G.D.R. 115, 117, 4 Am. Tribal Law 522, 2003 WL 25795195 (2003).
As has been previously held in this court; “Adequate notice of evidence to be submitted against the plaintiff is a ‘fundamental requisite’ of ... due process rights under the Indian Civil Rights Act.” Pineiro v. Office of the Director of Regulations, 1 G.D.R. 43, 45-46, 2 Am. Tribal Law 386, 1999 WL 34976688 (1999), quoting Morris v. Mashantucket Pequot Gaming Enterprise, 3 Mash. 94, - Am. Tribal Law -, 1998 WL 35234939 (1998), citing Dugan v. Mashantucket Pequot Gaming Enterprise, 1 Mash.Rep. 142, 1 Mash. 104, 106, -Am. Tribal Law ——, 1995 WL 17826919 (1995).
The following Mohegan ordinances are applicable in this case. MTO 95-2 grants the Mohegan Tribal Gaming Authority the power over licensing and vests in the Director the duty of “issuing and revoking licenses and generally overseeing the integrity of the gaming operation.” Sec. 5(b)(10). Sec. 12(5) provides that the Director “shall carry out the tribe’s regulatory duties” as described in MTO 94-1, and vests in the Director “final authority over all license applications.”
MTO 94-1 incorporates the Indian Gaming Regulatory Act, 25 U.S.C. Secs. 2701 et seq., and sets forth in Sec. 9 qualifications for gaming licenses. One of the purposes is to protect against “threats to the *316 public interest, or the interest of the Tribe or to the effective regulation and control of gaming.” See 25 U.S.C. Sec. 2710(b)(2)(F)(ii)(II).
As stated in the Kochachy case, these ordinances comply with the requirement of Sec. 7(a) of the “Compact” to “adopt standards of operation and management to ... protect the public interest in the integrity of the gaming operations ...” (emphasis added). Kochachy v. Office of the Director of Regulations, 1 G.D.R. 115, 116, 4 Am. Tribal Law 522, 2003 WL 25795195 (2003).
REVIEW OF THE HEARING OFFICER’S ORDER
The plaintiff was represented by counsel at the administrative hearing. The notice of the administrative hearing referenced as grounds for the revocation of license the “sale of prescription drugs”. The defendant provided the plaintiffs counsel with an opportunity to review the documents, which according to the defendant, contained documents that also refer to an alleged sale of marijuana by the plaintiff. The testimony presented at the hearing failed to produce sufficient evidence of the sale of prescription drugs.
The finding of the hearing officer was clearly based upon an alleged sale of marijuana rather than prescription drugs. There was an appropriate request for production of documents by plaintiffs counsel. The court finds that there was ample time for the defendant to have an amended notice to be sent to the plaintiff if the basis of the revocation hearing was to be based on factors other that that which was stated in the original notice dated June 26, 2003.
Accordingly the court finds that under the factual circumstances of this case the plaintiff was deprived of the opportunity to adequately respond to the charges which formed the basis of the revocation of his employment license. Pineiro v. Office of the Director of Regulation, Et Al, 1 G.D.R. 43, 45-46, 2 Am. Tribal Law 386, 1999 WL 34976688 (1999), quoting Morris v. Mashantucket Pequot Gaming Enterprise, 3 Mash. 94,-Am. Tribal Law —, 1998 WL 35234939 (1998), citing Dugan v. Mashantucket Pequot Gaming Enterprise, 1 Mash.Rep. 142, 1 Mash. 104, 106, - Am. Tribal Law -, 1995 WL 17826919 (1995).
CONCLUSION
Based upon the above, and pursuant to MTO 2002-13, See. 3(j) and (k), the plaintiffs appeal is sustained and judgment may enter reversing the decision. The order to bar and exclude the plaintiff is vacated.