MEMORANDUM OF DECISION

EAGAN, J.
SUMMARY
The plaintiff, John D. Izbicki, appeals from an order of the Director of Regulation (the Director) revoking plaintiffs gaming license based on the plaintiffs possession of illegal drugs in violation of the Mohegan Tribal Gaming Authority’s (MTGA) drug policy.
The appeal is granted and the case is remanded. The Notice of the revocation hearing was inadequate and in violation of plaintiffs right to due process.
*129 BACKGROUND
On or about June 21, 2008, the Norwich Police arrested the plaintiff and charged him with the possession and cultivation of a controlled substance (marijuana).
At the time of his arrest, the plaintiff was employed by the MTGA as a floor supervisor at the Mohegan Sun Casino, where he had worked since 1996, previously as a dealer.
By Notice dated July 14, 2008, the Mohegan Tribal Gaming Commission advised the plaintiff that he had to appear before the Commission for a show cause hearing, to determine his suitability to remain licensed. The show cause hearing was held on July 23, 2008.
At the hearing, the plaintiff was candid and acknowledged that he was cultivating marijuana plants in his backyard solely for his own personal use. He also testified about how he had become dependent on marijuana due to a medical condition and that, since his arrest, he has sought medical treatment, resulting in his enrollment in a drug rehabilitation program.
On August 15, 2008, the Superior Court placed the plaintiff into a drug program requiring him to complete a four day community service program, which he successfully completed. All charges against the plaintiff have now been dismissed.
Subsequently, on September 5, 2008, the Director revoked plaintiffs gaming license based on the plaintiffs possession of illegal drugs in violation of the MTGA’s drug policy.
STANDARD OF REVIEW
The Standard of Review for this Court in reviewing a decision of the Director is set forth in MTC Section 3-224(j) as follows:
(j) The court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the Agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the Agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
On Appeal, the plaintiff claims that the Director’s decision to revoke his gaming license must be reversed under MTC Section 3-224(j) for three reasons. First, the decision was not supported by substantial evidence in the record and, therefore, is clearly erroneous. Second, the decision was arbitrary, capricious and an abuse of discretion. Third, the failure to provide plaintiff with notice that it was seeking to revoke his gaming license based upon his possession of illegal drugs in violation of the MTGA’s drug policy, violated his due process rights. Brief of Plaintiff, p. 5. Although the Director in its brief addresses the plaintiffs substantive arguments, it is silent on the issue of an alleged procedural due process violation.
DISCUSSION

Procedural Due Process

This Court previously has recognized that employees have a property right in their gaming license and that a gaming license cannot be revoked unless the due process requirement of the Indian Civil Rights Act (ICRA) have been met, DeProfio v. Office of the Director of Regulation, 2 G.D.R. 69, 71, 5 Am. Tribal Law 312 (2004).
Here, the hearing leading to the revocation of plaintiffs gaming license was based on a Notice advising him that his suitability to remain licensed was at issue: “based *130 upon your arrest by the Norwich Police Department on June 21, 2008, on the charges of Cultivating Marijuana and Possession of Marijuana”. However, the Director found: “sufficient cause to revoke the gaming license of the Appellant due to his possession of an illegal drug” and not because of his arrest. Notice of Decision, p. 6.
In Pineiro v. Office of the Director of Regulation, 1 G.D.R. 43, 45-46, 2 Am. Tribal Law 386 (1999), this Court held that “Adequate notice of the evidence to be submitted against the plaintiff is a ‘fundamental requisite’ of ... due process rights under the Indian Civil Rights Act”, quoting from Morris v. Mashantucket Pequot Gaming Enterprise, 2 Mash.Rep. 358, 364, 3 Mash. 94, 97 (1998).
In the instant case, the plaintiff appeared at the hearing with evidence that the charges against him, for which he had been arrested, were being dismissed. He had no Notice that a reason other that his arrest would form the basis of the decision revoking his license. Accordingly, the Notice deprived the plaintiff of the opportunity to adequately respond to the charges which ultimately resulted in the revocation of his gaming license. Where “substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions ... ”, the Court must sustain the appeal. MTC Section 3-224(j)(l). See, also Kochachy v. Office of the Director of Regulation, 1 G.D.R. 115, 117, 4 Am. Tribal Law 522 (2003)
CONCLUSION
For the above reasons, plaintiffs appeal is sustained and the case is remanded.
So ordered.