MEMORANDUM OF DECISION

EAGAN, J.
SUMMARY
The plaintiff, Heinz Greis, appeals from an Order of the Director of Regulation (the Director) revoking plaintiffs gaming license based on his conduct on December 31, 2008 and January 6, 2009 in which he improperly took Casino rake money as tips, contrary to gaming procedures, thereby posing a threat to the effective regulation of gaming at the Mohegan Sun Casino.
The appeal is granted and the case is remanded. The plaintiff was not given adequate notice of the December 31, 2008 charge against him, in violation of his right to due process of law.
*146 BACKGROUND
The Mohegan Sun Casino employed the plaintiff as a Poker Room Dealer. In a letter dated January 8, 2009, the Mohegan Tribal Gaming Commission (MTGC) notified plaintiff that his license was being suspended: “... based upon your conduct of January 6, 2009, in which you took Casino rake money as a toke.” A rake is the casino/house cut which, in poker, the dealer takes from the wagered funds on the table during the progress of the game. Takes are the dealer’s tips from players in the form of gaming cheques (chips) that are placed on the table to the right of the dealer in the “toke position”.
The plaintiff requested a hearing which was held on January 29, 2009. At the hearing, the MTGC introduced evidence of the January 6, 2009 incident, as well as his conduct on December 31, 2008, in which plaintiff allegedly improperly “colored-up” his tips. According to “eolor-up” procedures, when the number of white cheques of $1.00 value at the toke position reaches five, the dealer is to take the five white cheques and exchange (“color-up”) for a single $5.00 red cheque.
The Hearing Officer found that on December 31, 2008, the plaintiff took a $5.00 red cheque and combined it with five single $1.00 cheques in his hand, leaving the table with $10.00, of which $5.00 was Casino revenue. The Hearing Officer also found that on January 6, 2009, the plaintiff improperly placed a $1.00 cheque from the House rake into his toke stack.
With regard to the December 31, 2008 conduct, defendant acknowledges that it was not until January 22, 2009 that the MTGA informed plaintiff he was being charged with such misconduct. Defendant’s Brief, p. 3.
STANDARD OF REVIEW
The Standard of Review for this Court in reviewing a decision of the Director is set forth in MTC Section 8—224(j) as follows:
(j) The court shall not substitute its judgment for that of the Agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the Agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the Agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
On the instant appeal, the pertinent language in MTC section 3—224<j) is (j)(l) which requires the reversal of any agency decision if it is in violation of constitutional provisions.
DISCUSSION

Procedural Due Process

As the plaintiff correctly notes, it is well-established in this Court that employees have a property right in their gaming licenses and that the due process rights of the Indian Civil Rights Act (ICRA) apply to license revocation procedures. DeProfio v. Office of the Director of Regulation, 2 G.D.R. 69, 71, 5 Am. Tribal Law 312 (2004); Izbicki v. Office of the Director of Regulation, Docket No. GDTC-AA-08-138 FOE, 10 Am. Tribal Law 128 (2009).
In the instant case, plaintiffs gaming license was revoked based on evidence introduced at the January 29, 2009 hearing of his alleged misconduct at the gaming table on January 6, 2009, as well as on *147 December 31, 2008. However, the January 8, 2009 letter preceding the hearing referred only to his “conduct of January 6, 2009 in which you took Casino rake money as a toke.” It was not until January 22, 2009, according to defendant, that the MTGA provided the plaintiff with a hand amended copy of the January 8, 2009 letter which now added the second date of December 31, 2008.
In Pineiro v. Office of the Director of Regulation. 1 G.D.R. 43, 45-46, 2 Am. Tribal Law 386 (1999) and more recently in Izbiclci supra, the Court found that adequate notice of the evidence to be introduced is a fundamental requisite of due process rights under ICRA. Adequate notice means sufficient time in advance of a hearing for the plaintiff to have the opportunity to prepare a meaningful response to the charges against him. This Court cannot find that the Notice given plaintiff of the new charges against him less than a week before the scheduled hearing is adequate for due process purposes.
Moreover, as plaintiffs brief correctly notes: “The evidence of additional incidents of alleged misconduct was very important, because it allowed the defendant to claim that the 1/6/09 incident was not an isolated mistake of a nervous dealer, but rather documented a habit or course of conduct which would make his actions a threat to the regulation of the gaming authority. Thus, it cannot be said to be harmless error.” Plaintiffs Brief, p. 8.
Where “substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions ... ”, the Court must sustain the appeal. MTC Section 3—224<j).
CONCLUSION
For the above reasons, plaintiffs appeal is sustained and the case is remanded.
So ordered.